IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

**JOHN F. SULLIVAN AND SUSAN B. SULLIVAN,**
*Plaintiffs/Appellants,*

*v.*

**PULTE HOME CORPORATION,**
*Defendant/Appellee.*

No. CV-12-0419-PR
Filed July 31, 2013

Appeal from the Superior Court in Maricopa County
The Honorable Jonathan H. Schwartz, Judge
The Honorable Joseph B. Heilman, Judge
No. CV2010-004898
**REMANDED**

Opinion of the Court of Appeals, Division One
231 Ariz. 53, 290 P.3d 446 (App. 2012)
**VACATED IN PART**

COUNSEL

John F. Sullivan (argued), In Propria Persona, Phoenix, for John F. and Susan B. Sullivan

Stephen E. Richman (argued), Anne L. Tiffen, Denise H. Troy, Dickinson Wright/Mariscal Weeks, Phoenix, for Pulte Home Corporation

E. Jeffrey Walsh, Nicole M. Goodwin, Greenberg Traurig, LLP, Phoenix, for Amici Curiae Home Builders Association of Central Arizona, et al.

P. Douglas Folk, Christopher D.C. Hossack, Heather K. Seiferth, Folk & Associates, P.C., Phoenix, for Amicus Curiae American Council of Engineering Companies of Arizona

Michael J. Holden, Holden Willits PLC, Phoenix, for Amicus Curiae Arizona Builders' Alliance

VICE CHIEF JUSTICE BALES authored the opinion of the Court, in which CHIEF JUSTICE BERCH, JUSTICE PELANDER, JUSTICE BRUTINEL, and JUDGE MILLER* joined.

_____

VICE CHIEF JUSTICE BALES, opinion of the Court:

¶1     Arizona's economic loss doctrine limits contracting parties to their agreed upon remedies for purely economic losses. Even if a homeowner has no contract with the builder of the home, when there are construction defects, Arizona law allows the homeowner to sue the builder for breach of implied warranty. This cause of action is contractual in nature but rests on duties imposed by law. Despite the availability of this remedy, if the homeowner does not have a contract with the homebuilder, we hold that the economic loss doctrine does not bar the homeowner's negligence claims to recover damages resulting from construction defects.

## I.

¶2     Because the trial court dismissed this action for failing to state a claim upon which relief can be granted, we describe the facts as alleged in the complaint and assume them to be true for purposes of our review. *Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.*, 223 Ariz. 320, 321 ¶ 2, 223 P.3d 664, 665 (2010).

¶3     Pulte Home Corporation constructed a home and sold it in 2000 to its initial purchaser, who in turn sold it to John and Susan Sullivan in 2003. Because the Sullivans did not buy their home directly from Pulte, they never entered into a contract with that company. In 2009, the Sullivans first noticed irregularities with the home's hillside retaining wall. They hired an engineer who determined that the wall and home site had been constructed in a dangerously defective manner. The Sullivans notified Pulte, hoping it would cover the cost of repair, but Pulte claimed it was no longer responsible for any construction defects.

¶4     The Sullivans then filed this action to force Pulte to cover the cost of repair. Their complaint alleged consumer fraud, fraudulent concealment, negligence, negligent non-disclosure, negligence per se, negligent misrepresentation, and breach of implied warranty. The trial court dismissed all of the claims, ruling that the consumer fraud and fraudulent

concealment allegations failed to state a claim because Pulte had never made any representations to the Sullivans; the breach of implied warranty claim was barred because Arizona's statute of repose precludes any implied warranty action against a builder "more than eight years after substantial completion of the improvement to real property," A.R.S. § 12-552(A); and the remaining tort claims were barred by the economic loss doctrine. The Sullivans appealed.

¶5      The court of appeals held that the trial court erred in dismissing certain tort claims based on the economic loss doctrine but had properly dismissed the Sullivans' other claims. *Sullivan v. Pulte Home Corp.*, 231 Ariz. 53, 60, 63 ¶¶ 31, 50, 290 P.3d 446, 453, 456 (App. 2012). Relying on this Court's decision in *Flagstaff Affordable Housing*, the court of appeals concluded that, because the Sullivans had no contract with Pulte, Arizona's economic loss doctrine did not bar their tort claims. *Sullivan*, 213 Ariz. at 60 ¶¶ 30-31, 290 P.3d at 453. Accordingly, the court remanded the case to the trial court for resolution of the Sullivans' various negligence claims.

¶6      We granted review to answer a recurring question of statewide importance and to clarify the application of Arizona's economic loss doctrine. We have jurisdiction pursuant to Article 6, Section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.

¶7      "The scope of the economic loss doctrine presents a legal issue that we review de novo." *Flagstaff Affordable Hous.*, 223 Ariz. at 322 ¶ 9, 223 P.3d at 666. We agree with the court of appeals that the Sullivans' negligence claims are not barred by Arizona's economic loss doctrine.

¶8      The economic loss doctrine prohibits certain tort actions seeking "pecuniary damage[s] not arising from injury to the plaintiff's person or from physical harm to property." Restatement (Third) of Torts: Liability for Economic Harm § 2 (Tentative Draft No. 1, 2012) ("Draft Restatement"). Although some courts apply the doctrine to generally bar tort recovery of purely pecuniary losses, Arizona takes a narrower approach. *See Flagstaff Affordable Hous.*, 223 Ariz. at 323 ¶¶ 11-12, 223 P.2d at 667. In Arizona, the doctrine bars only the recovery of "pecuniary or commercial damage, including any decreased value or repair costs for a

product or property that is itself the subject of a contract between the plaintiff and defendant, and consequential damages such as lost profits." *Id*. at ¶ 11.

¶9 We decline to extend the doctrine to non-contracting parties. *Id.* at 327 ¶ 37, 223 P.3d at 671 (noting that *Donnelly Constr. Co. v. Oberg/Hunt/Gilleland*, 139 Ariz. 184, 677 P.2d 1292 (1984), "correctly implied that [the economic loss doctrine] would not apply to negligence claims by a plaintiff who has no contractual relationship with the defendant"). Our express, limited holding in *Flagstaff Affordable Housing* was that "a contracting party is limited to its contractual remedies for purely economic loss from construction defects." *Id*. at 326 ¶ 28, 223 P.3d at 670. It follows that "[r]ather than rely on the economic loss doctrine to preclude tort claims by non-contracting parties, courts should instead focus on whether the applicable substantive law allows liability in the particular context." *Id*. at 327 ¶ 39, 223 P.3d at 671.

¶10 Arizona's economic loss doctrine serves to encourage the private ordering of economic relationships, protect the expectations of contracting parties, ensure the adequacy of contractual remedies, and promote accident-deterrence and loss-spreading. *See id*. at 325-26 ¶¶ 25-27, 223 P.3d at 669-70. Limiting the doctrine to contracting parties supports those policy considerations and aligns with the most recent draft of the Restatement. *See* Draft Restatement § 3 cmt. a (noting that application of the economic loss rule "is limited to parties who have contracts.").

¶11 The doctrine protects the expectations of contracting parties, but, in the absence of a contract, it does not pose a barrier to tort claims that are otherwise permitted by substantive law. *See, e.g.*, Vincent R. Johnson, *The Boundary-Line Function of the Economic Loss Rule*, 66 Wash. & Lee L. Rev. 523, 555 (2009) ("The purpose of the economic loss rule is not to leave injured persons remediless for economic losses but to ensure respect for private ordering by relegating a plaintiff to contract remedies in cases where there is an agreement between the parties allocating economic risks. If there is no contract between the parties to litigation, there is no boundary-line function to be performed by the economic loss rule."); Thomas E. Lordan, *Arizona's "Economic Loss Rule" and* Flagstaff Affordable Housing, 4 Phoenix L. Rev. 85, 137 (2010) ("Restricting the application of the [economic loss rule] to contracting parties makes sense. If the purpose of the [economic loss rule] is to limit parties to the 'benefit of their

bargain,' the [economic loss rule] should only apply where there is a bargain to which it might be applied.").

**III.**

**¶12**     Pulte argues that even though it had no contract with the Sullivans, their tort claims should be barred by the economic loss doctrine because they had a contractual remedy under Arizona law.   As subsequent purchasers, the Sullivans had an actionable claim against the builder Pulte, despite the parties' lack of privity, via the implied warranty of workmanship and habitability. *See Lofts at Fillmore Condo. Ass'n v. Reliance Commercial Constr., Inc.*, 218 Ariz. 574, 577-78 ¶¶ 15-19, 190 P.3d 733, 736-37 (2008); *see also Richards v. Powercraft Homes, Inc.*, 139 Ariz. 242, 245, 678 P.2d 427, 430 (1984) (noting that "privity is not required to maintain an action for breach of the implied warranty of workmanship and habitability").   The Sullivans' implied warranty claim, however, was barred by Arizona's statute of repose, A.R.S. § 12-552, before they filed this action. *See Sullivan*, 231 Ariz. at 57 ¶ 14, 290 P.3d at 450.

**¶13**     We are not persuaded that the economic loss doctrine should apply to bar the negligence claims simply because the Sullivans had a possible contractual remedy under an implied warranty claim.   Such a remedy was imposed as a matter of Arizona's common law; it did not result from any opportunity the Sullivans had to negotiate with Pulte over remedies. *See Woodward v. Chirco Constr. Co.*, 141 Ariz. 514, 516, 687 P.2d 1269, 1271 (1984) (noting that law imputes warranty into construction contract and allows subsequent purchasers a cause of action).   Furthermore, allowing the Sullivans' tort claims to proceed does not frustrate the policy of the statute of repose.   That statute applies only to actions "based in contract," including actions based on "implied warranties of habitability, fitness or workmanship," A.R.S. § 12-552(A), (C), (F); it does not address actions based in tort.   Whether the common law economic loss doctrine should be expanded to encompass non-contracting parties does not hinge on the scope and effect of a statute governing contractual remedies.

**¶14**     Our holding that the economic loss doctrine does not bar the Sullivans' tort claims does not, of course, imply that those claims will ultimately succeed. *Cf. Flagstaff Affordable Hous.*, 223 Ariz. at 327-28 ¶ 39, 223 P.2d at 671-72 (directing courts to consider applicable substantive law to determine if non-contracting parties may recover economic losses in

tort); Draft Restatement § 6(2), reporter's note to cmt. c (noting division of authority but concluding that subsequent home purchasers should not recover in tort from homebuilder for negligent construction). As the court of appeals noted, Pulte made other arguments challenging the legal sufficiency of the tort claims that were not addressed by the trial court, which may consider those arguments in the first instance on remand. *Sullivan*, 231 Ariz. at 62 ¶ 45, 290 P.3d at 455.

## IV.

**¶15**　We did not grant review on issues decided by the court of appeals other than the application of the economic loss doctrine, and we accordingly do not comment on those issues. We vacate paragraphs 24-31 of the court of appeals' opinion and remand this case to the trial court for further proceedings consistent with this opinion.

* Justice Timmer recused herself from this case. Pursuant to Article 6, Section 3 of the Arizona Constitution, the Honorable Michael Owen Miller, Judge of the Arizona Court of Appeals, Division Two, was designated to sit in this matter.