NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DARRYL R. EMBREY and RICHARD G. SILVA, as Trustees of the Darryl
Embrey and Richard Silva Living Trust, dated May 2, 2001,
*Plaintiffs/Appellants*,

*v.*

BURROWS CONCRETE, L.L.C., an Arizona limited liability company,
*Defendant/Appellee*.

No. 1 CA-CV 13-0427
FILED 06-10-2014

Appeal from the Superior Court in Maricopa County
No. CV2010-052910
The Honorable Colleen L. French, *Judge Pro Tempore*

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Loose Brown & Associates, P.C., Phoenix
By Donald A. Loose, Jesse R. Callahan
*Counsel for Plaintiffs/Appellants*

Rai & Barone, P.C., Phoenix
By Jack Barone, Gian Duran
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge John C. Gemmill and Judge Randall M. Howe joined.

---

**T H U M M A**, Judge:

**¶1**          Plaintiffs homeowners Darryl R. Embrey and Richard G. Silva individually and as trustees of their living trust (collectively Embrey) appeal from the grant of partial summary judgment in favor of defendant subcontractor Burrows Concrete, L.L.C. (Burrows). The superior court properly granted summary judgment on Embrey's breach of implied warranty of habitability and good workmanship claim because Embrey is not in contractual privity with Burrows. Accordingly, that portion of the judgment is affirmed. Because Arizona's economic loss doctrine does not bar tort claims between parties that lack contractual privity, that portion of the judgment in favor of Burrows on Embrey's negligence claim is reversed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**          In 2004, Embrey entered into a contract with Loma Vista Development Company, LLC (Loma Vista) to build a home. Loma Vista, in turn, entered into a subcontract with Burrows to provide concrete at the home. Burrows provided the concrete, Loma Vista built the home and Embrey moved into the home in late 2004. At all times relevant here, there was no contract between Embrey and Burrows.

**¶3**          In 2009, Embrey found a leak in a sewer pipe located under a concrete slab and had the leak repaired. Embrey also found that the home was experiencing both heave and settlement causing damage, and had that damage repaired. As relevant here, Embrey then sued Burrows in superior court alleging breach of implied warranty of habitability and workmanship and negligence.[1] Embrey claimed that Burrows breached its standard of care by causing a sewer line to be punctured by a stake, which

---

[1] Although Embrey also sued Loma Vista, those claims are not part of this appeal.

caused the sewer pipe to leak underneath the main slab, leading to slab movement and damage to Mr. Embrey's health.

¶4             Burrows moved for summary judgment. After full briefing and oral argument, the superior court granted Burrows' motion for summary judgment on Embrey's breach of implied warranty of habitability and workmanship claim because Embrey was not in contractual privity with Burrows. The court granted partial summary judgment on Embrey's negligence claim, allowing the claim to proceed only for claimed damages for personal injury and personal property, concluding that the other aspects of the negligence claim were barred by Arizona's economic loss doctrine. Although the order resolved less than all claims against all parties, the superior court made the findings pursuant to Arizona Rule of Civil Procedure 54(b), making the decision an appealable order. This court has jurisdiction over Embrey's timely appeal pursuant to Arizona Revised Statutes (A.R.S.) sections 12-2101(A)(1) and 12-120.21(A)(1) (2014).[2]

## DISCUSSION

¶5             Summary judgment is appropriate "if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). This court reviews the grant of summary judgment de novo, "viewing the evidence and reasonable inferences in the light most favorable to the party opposing the motion." *Andrews v. Blake*, 205 Ariz. 236, 240 ¶ 12, 69 P.3d 7, 11 (2003) (citation omitted).

I.     **The Superior Court Properly Granted Summary Judgment On Embrey's Breach Of Implied Warranty Of Habitability And Good Workmanship Claim.**

¶6             As stated by the Arizona Supreme Court, the general rule is that only parties to a contract may enforce the implied warranty of habitability and good workmanship. *See Yanni v. Tucker Plumbing, Inc.*, 233 Ariz. 364, 367 ¶ 7, 312 P.3d 1130, 1133 (App. 2013) (quoting *Lofts at Fillmore Condo. Ass'n v. Reliance Commercial Constr., Inc.*, 218 Ariz. 574, 576 ¶ 12, 190 P.3d 733, 735 (2008)); *see also Treadway v. W. Cotton Oil & Ginning Co.*, 40 Ariz. 125, 138, 10 P.2d 371, 375 (1932). A narrow exception allows a

---

[2] Absent material revisions after the relevant dates, statutes cited refer to the current version unless otherwise indicated.

subsequent homebuyer to sue a homebuilder (including "a non-vender homebuilder") for breach of the implied warranty of habitability and good workmanship. *See Yanni*, 233 Ariz. at 367 ¶¶ 8-9, 312 P.3d at 1133 (citing *Lofts*, 218 Ariz. at 576-77 ¶¶ 7, 14, 190 P.3d at 735-36) and *Richards v. Powercraft Homes, Inc.*, 139 Ariz. 242, 244-45, 678 P.2d 427, 429-30 (1984)); *cf. N. Peak Const. LLC v. Architecture Plus, Ltd.*, 227 Ariz. 165, 168 ¶ 17, 254 P.3d 404, 407 (App. 2011) (finding no privity of contract required to bring a breach of implied warranty claim against a design professional). Embrey is not such a subsequent homebuyer, and Burrows is a subcontractor, not the homebuilder, meaning this narrow exception does not apply here.

**¶7**        Although arguing that privity should not be required to press an implied warranty of habitability and good workmanship claim against Burrows, Embry candidly admits to being "unaware of any reported decision in Arizona expressly holding that an original homeowner may bring suit against a subcontractor for breach of the implied warranty of habitability and good workmanship." Moreover, nothing in *Lofts*, *Richards* or the other cases cited by the parties permits a homebuyer to assert a breach of implied warranty of habitability and good workmanship claim against a subcontractor in the absence of privity between the two. *See, e.g.*, *Lofts*, 218 Ariz. at 575, 190 P.3d at 734; *Richards*, 139 Ariz. at 242, 678 P.2d at 427; *see also Columbia W. Corp. v. Vela*, 122 Ariz. 28, 31, 592 P.2d 1294, 1297 (App. 1979) (discussing implied warranty). Arizona cases have not extended the implied warranty of habitability and good workmanship to homeowner claims against a subcontractor, and Embrey has not shown how such an expansion of the law is compelled here. Accordingly, given the lack of contractual privity between the parties, the superior court properly granted summary judgment to Burrows on Embrey's breach of implied warranty of habitability and good workmanship claim.

## II.    Arizona's Economic Loss Doctrine Does Not Apply To Embrey's Negligence Claim.

**¶8**        "Arizona's economic loss doctrine limits contracting parties to their agreed upon remedies for purely economic losses." *Sullivan v. Pulte Home Corp.*, 232 Ariz. 344, 345 ¶ 1, 306 P.3d 1, 2 (2013); *see also Flagstaff Affordable Hous. Ltd. v. Design Alliance, Inc.*, 223 Ariz. 320, 223 P.3d 664 (2010). The Arizona Supreme Court has expressly "decline[d] to extend the doctrine to non-contracting parties." *Sullivan*, 232 Ariz. at 346 ¶ 9, 306 P.3d at 3 (citation omitted). *Sullivan* made clear that the doctrine does not apply where the parties lack contractual privity: "'Rather than rely on the economic loss doctrine to preclude tort claims by non-

contracting parties, courts should instead focus on whether the applicable substantive law allows liability in the particular context.'" 232 Ariz. at 346 ¶ 9, 306 P.3d at 3 (quoting *Flagstaff Affordable Hous. Ltd.*, 223 Ariz. at 327 ¶ 39, 223 P.3d at 671). Accordingly, given the lack of contractual privity here, Arizona's economic loss doctrine does not apply to Embrey's negligence claim.

## CONCLUSION

**¶9**　　　　The grant of summary judgment in favor of Burrows on Embrey's breach of implied warranty of habitability and good workmanship is affirmed. The grant of partial summary judgment with respect to Embrey's negligence claim is vacated. Embrey's request for attorneys' fees pursuant to Arizona Rule of Civil Procedure 11(a) and A.R.S. § 12-349(A)(1)-(3) is denied. Burrow's request for attorneys' fees cites no substantive authority and, accordingly, is denied pursuant to Arizona Rule of Civil Appellate Procedure 21(a)(2). Embrey is awarded taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.

