**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 04 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ARIANN J-HANNA,

    Plaintiff-Appellant,

v.

ENTERPRISE RENT-A-CAR
COMPANY OF SAN FRANCISCO, LLC,

    Defendant-Appellee.

No. 14-15057

D.C. No. 4:10-cv-00504-CKJ

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Submitted December 14, 2016[**]

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

  Ariann J-Hanna appeals pro se from the district court's summary judgment

in her diversity action alleging state law claims in connection with her purchase of

a vehicle.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 629 (9th Cir. 1987). We affirm.

The district court properly granted summary judgment on J-Hanna's Arizona Consumer Fraud Act and common law fraudulent concealment claims because J-Hanna failed to raise a genuine dispute of material fact as to whether Enterprise was a party to the sale of a vehicle to J-Hanna and whether it had knowledge of any alleged defect. *See Sullivan v. Pulte Home Corp.*, 290 P.3d 446, 454-55 (Ariz. Ct. App. 2012) (subsequent purchasers do not have a cause of action under Arizona's Consumer Fraud Act against the seller in the original sales transaction; to establish a common law fraudulent concealment claim, a plaintiff must show the defendant was a party to a transaction with the plaintiff), *vacated in part on other grounds by*, 306 P.3d 1 (Ariz. 2013).

The district court did not abuse its discretion by denying J-Hanna's motions to submit evidence because J-Hanna failed to demonstrate good cause for seeking to submit evidence several months after the discovery deadline had passed, and J-Hanna did not seek an extension of time to complete discovery. *See Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004) (setting forth standard of review); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (party seeking modification of a scheduling order must demonstrate good cause,

the focus of which is the diligence of the moving party).

We reject as without merit J-Hanna's contention regarding the district court's grant of her motion to compel.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider documents not presented to the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

J-Hanna's motion to submit physical exhibits, dated May 12, 2014, is denied.

**AFFIRMED.**