NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

HANA LATIF, *Petitioner/Appellee,*

*v.*

HAZIM ELDILEMI, *Respondent/Appellant.*

No. 1 CA-CV 18-0315 FC
FILED 8-15-2019

Appeal from the Superior Court in Maricopa County
No.  FC2016-093572
The Honorable Michael S. Mandell, Judge

**AFFIRMED**

APPEARANCES

Hana Latif, Gilbert
*Petitioner/Appellee*

Hazim Eldilemi, Gilbert
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Diane M. Johnsen joined.

---

**H O W E**, Judge:

**¶1**         Hazim Eldilemi ("Father") appeals from the decree of dissolution ("Decree") ending his marriage to Hana Latif ("Mother"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**         In 2016, Mother petitioned to dissolve her 20-year marriage to Father. At the time of dissolution, the parties had one minor child. Father and Mother entered into an agreement for temporary orders, under Arizona Rule of Family Law Procedure 69, providing that Mother and child would remain in the marital home and Father would pay $1,000 per month in combined child support and spousal maintenance. After making his first monthly payment, Father fell behind on his obligations. He also disregarded other family court orders, including an order to participate in a parenting conference and an order to produce documents. Ultimately, the court found Father in contempt of court.

**¶3**         Thereafter, the family court set a trial date and expressly directed Father to provide Mother's counsel with "all credit card statements for 2017, all of [his] bank records for 2017, any record of property [he] owned in 2017 or during the parties' marriage, paystubs from 2017 and any other sources of income for 2017, no later than **January 12, 2018**." Trial was scheduled for January 25, 2018.

**¶4**         One week before trial, Mother filed her prehearing statement and list of witnesses and exhibits. Her Affidavit of Financial Information ("AFI") showed that she earned $995 per month as a teaching assistant and indicated that her expenses exceeded her income, which she also testified to at trial. Father did not file his prehearing statement or list of witnesses and exhibits, nor did he provide Mother with the documents he was ordered to produce.

**¶5**         At trial, the evidence showed that the parties owned community property in (1) Gilbert (the "Marital Home"), (2) Baghdad, Iraq

(the "Iraq Property"), and (3) Amman, Jordan (the "Jordan Property"). After the Iraq Property was sold in 2016, Father invested $800,000 in a business venture. Mother testified that Father regularly travelled internationally and that he paid for travel and vacations during the marriage. She also testified that awarding her the Marital Home and awarding Father $100,000 as an offset would effect "a fair and equitable" distribution.

¶6        Father represented himself at trial. The court refused to admit most of his exhibits because he had not disclosed them. Consequently, Father provided no evidence regarding the value of the Marital Home or the Jordan Property.

¶7        Following trial, the family court entered the Decree. The Decree awarded Mother the Marital Home and awarded Father $100,000 from the sale proceeds of the Jordan Property. The court determined that Mother was eligible for spousal maintenance under A.R.S. § 25–319(A). It then considered the factors under A.R.S. § 25–319(B) to determine the amount and duration of her award. The court found that Father was "hiding assets" because he refused to produce any financial documents. It also found that Father's AFI, which reflected annual income of less than $20,000, was not credible because the record showed recent sales of the Iraq and Jordan properties worth approximately $1.6 million and $100,000 respectively. The court concluded that "Father has much more earning ability than Mother and has access to much more money than Mother does." Because Father failed to disclose any financial information other than his AFI that the court found not credible, the court imputed income to him of approximately $100,000 per year. Based on the imputed income, the court awarded Mother spousal maintenance of $1,500 per month for 20 years.

¶8        The court also ordered Father to pay monthly child support of $867.42 based on his imputed income of $100,000. Further, the family court awarded Mother attorneys' fees. Father timely appealed.

**DISCUSSION**

¶9        As a preliminary matter, we note that both parties' briefs fail to comply with the rules governing appellate briefs. *See* ARCAP 13(a)–(b). Despite these deficiencies, we address the issues raised on appeal because we prefer to decide the appeal on its merits rather than dismiss it on procedural grounds. *See Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984). We also note that Father attaches to his opening brief a series of documents that were not part of the family court record. Because

our review is limited to the record below, we will not consider this new evidence. *See GM Dev. Corp. v. Cmty. Am. Mortgage Corp.*, 165 Ariz. 1, 4 (App. 1990).

## 1. Property Division

**¶10** Father challenges the family court's allocation of real property, asserting that Mother's counsel misstated the value of the Marital Home awarded to her. In a dissolution proceeding, the family court must divide community property "equitably, though not necessarily in kind[.]" A.R.S. § 25–318(A). We review the court's division of property for an abuse of discretion. *See Kohler v. Kohler*, 211 Ariz. 106, 107 ¶ 2 (App. 2005). In doing so, we view the evidence in the light most favorable to upholding the court's ruling. *See id.*

**¶11** Here, the family court awarded Mother the Marital Home and, as an offset, awarded Father the $100,000 proceeds from the Jordan Property sale. At trial, Mother testified that would effect "a fair and equitable" distribution. Father offered no evidence regarding the value of either property.

**¶12** On appeal, Father argues the Marital Home is worth more than Mother claimed. He attaches a Zillow estimate printed nine months after the Decree was entered. Father had ample opportunity to present evidence of the value of the home and the Jordan Property to the family court, but he failed to do so. We will not consider the evidence he presents for the first time on appeal. *See Yanni v. Tucker Plumbing, Inc.*, 233 Ariz. 364, 366 ¶ 6 (App. 2013); *see also Orfaly v. Tucson Symphony Soc'y*, 209 Ariz. 260, 265 ¶ 15 (App. 2004) (explaining that arguments not raised in the trial court are waived on appeal). Thus, the court's division of the property was not an abuse of discretion.

## 2. Spousal Maintenance

**¶13** Father also challenges the family court's award of spousal maintenance. We review the court's ruling for an abuse of discretion and will affirm if reasonable evidence supports it. *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 348 ¶ 14 (App. 1998).

**¶14** The family court is authorized to award spousal maintenance if the spouse:

> 1. Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs[,]

2. Is unable to be self-sufficient through appropriate employment or is the custodian of a child whose age or condition is such that the custodian should not be required to seek employment outside the home or lacks earning ability in the labor market adequate to be self-sufficient[,]

3. Contributed to the educational opportunities of the other spouse[,] or

4. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

A.R.S. § 25–319(A) (2017)[1]; *see also Elliott v. Elliott*, 165 Ariz. 128, 136 (App. 1990) (explaining that a court "may award spousal maintenance if it finds that any one of four factors is present").

**¶15**        Here, the record supports the family court's finding that Mother is unable to be self-sufficient through appropriate employment. Mother's AFI showed that she earned only $995 per month and that her expenses exceeded her income. Thus, the court appropriately determined that Mother was eligible for spousal maintenance under A.R.S. § 25–319(A)(2).

**¶16**        After determining that Mother was eligible for spousal maintenance, the family court considered the factors in A.R.S. § 25–319(B) to determine the amount and duration of her award. The court found that Father was "hiding assets" because he refused to produce any financial documents other than his AFI, which the court found not credible because the record showed a recent sale of properties for about $1.7 million combined. Because Father failed to disclose any financial information other than his AFI, the court imputed income to him of approximately $100,000 per year. Based on that imputed income, the court awarded Mother spousal maintenance of $1,500 per month for a period of 20 years. Thus, the limited evidence at trial supports the court's award of spousal maintenance, and it did not abuse its discretion.

---

[1]        Since the Decree was entered, the statute was amended to add a fifth factor, namely that a spouse "[h]as significantly reduced that spouse's income or career opportunities for the benefit of the other spouse." A.R.S. § 25–319(A)(5) (2019).

### 3. Child Support

**¶17**     Lastly, Father challenges the child support award. He claims that he does not earn enough money to make the monthly payment. We will not disturb the family court's ruling on child support absent an abuse of discretion. *See In re Marriage of Robinson & Thiel*, 201 Ariz. 328, 331 ¶ 5 (App. 2001).

**¶18**     The family court may order either parent to pay child support in "an amount reasonable and necessary for support of the child[.]" A.R.S. § 25–320(A). Here, the court calculated Father's child support obligation based on his imputed income. The record reflects that the parties owned community property in Gilbert, Iraq, and Jordan. It also reflects that, after the Iraq Property was sold in 2016, Father invested $800,000 in a business venture. Further, it showed that Father regularly travelled internationally and paid for travel and vacations during the marriage. Thus, the evidence supported a conclusion that Father had a net worth and a manner of living that belie his claimed income of $20,000 per year.

**¶19**     Father disregarded the family court's order to produce information regarding his property and income. As a result of Father's refusal to disclose relevant information, the court was unable to determine his precise income. In light of Father's decision to withhold evidence, the court did not abuse its discretion in imputing income to Father and calculating child support based on that income.

### CONCLUSION

**¶20**     For the foregoing reasons, we affirm. We award Mother her costs on appeal upon her compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA