IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

HAMMER HOMES, LLC, *Plaintiff/Appellant,*

*v.*

CITY OF PHOENIX, *Defendant/Appellee.*

No. 1 CA-CV 23-0114
FILED 12-21-2023

———————————————

Appeal from the Superior Court in Maricopa County
No. CV2021-019100
The Honorable John R. Hannah Jr., Judge

**VACATED AND REMANDED**

———————————————

COUNSEL

Conant Law Firm, PLC, Phoenix
By Paul A. Conant
*Counsel for Plaintiff/Appellant*

Phoenix City Attorney's Office, Phoenix
By Daniel J. Inglese
*Counsel for Defendant/Appellee*

———————————————

**OPINION**

Judge Paul J. McMurdie delivered the Court's opinion, in which Presiding
Judge D. Steven Williams and Judge Samuel A. Thumma joined.

———————————————

**McMURDIE**, Judge:

**¶1**        Plaintiff Hammer Homes LLC ("Hammer") challenges the dismissal of its complaint against Defendant, the City of Phoenix ("City"), alleging negligent misrepresentation about certain land use restrictions. The superior court ruled that the City owed Hammer no duty to provide accurate information because the land use stipulations are "provisions of law as opposed to matters of fact."

**¶2**        Because Hammer only asked whether any stipulations existed—not for legal advice in addressing them—its request was for factual information. And factual misrepresentation by the City could give rise to tort liability under the Restatement (Second) of Torts § 552. Thus, dismissal was inappropriate. We vacate the dismissal order and remand for further proceedings.

## FACTS AND PROCEDURAL BACKGROUND

**¶3**        Because Hammer appeals from the dismissal of its complaint, we state the relevant factual allegations and assume they are true for purposes of the appeal. *Sullivan v. Pulte Home Corp.*, 232 Ariz. 344, 345, ¶ 2 (2013).

**¶4**        In February 2020, two Hammer representatives met with a City planner to determine "what zoning and land use restrictions . . . existed" on property Hammer was considering purchasing. At that meeting, the planner told Hammer the property "was zoned properly for [Hammer's] plans." The planner also identified a land split issue but suggested that the issue "could be rectified." Hammer asked if there were any other land use or zoning-related stipulations on the property. The planner told Hammer some were from 2000, but they had expired.

**¶5**        About a year later, the City informed Hammer of additional stipulations from 2017, but Hammer had purchased the property by then. Based on the new information, Hammer alleged the property was "undevelopable as planned" and "unsalable for like development." Thus, Hammer sued the City, alleging negligent misrepresentation and claiming more than $2.5 million in lost profits.

**¶6**        The City moved to dismiss the complaint under Arizona Rule of Civil Procedure ("Rule") 12(b)(6). The City argued it did not owe Hammer a duty of care "arising out of informal meetings with City staff regarding zoning matters." Hammer opposed the motion on several

grounds and contended the City owed a duty of care under Restatement (Second) of Torts § 552 (1977), which our supreme court first cited in *Van Buren v. Pima Community College District Board*, 113 Ariz. 85, 87 (1976). The Restatement has been cited in several cases since then. *See, e.g., Sage v. Blagg Appraisal Co.*, 221 Ariz. 33, 34–35, ¶ 7 (App. 2009); *Standard Chartered PLC v. Price Waterhouse*, 190 Ariz. 6, 29–30 (App. 1996); *Sw. Non-Profit Hous. Corp. v. Nowak*, 234 Ariz. 387, 391, ¶¶ 12–13 (App. 2014).

¶7          The superior court dismissed the complaint. It concluded that the Phoenix Zoning Ordinance "frames the legal relationship" between the parties, noting that § 307(A)(4) allows the City Zoning Administrator to "'provide advice' to applicants and potential applicants for zoning adjustment action." It thus determined that Hammer's "routine, limited contacts with the City, seeking advice on the development of [Hammer's] property, created no legally recognized special relationship that gave rise to tort liability."

¶8          The superior court also rejected Hammer's reliance on § 552(3), finding that the "'public duty to supply . . . information' . . . extends only to *factual* information" and not "the application of municipal ordinances to a particular piece of property." The court also noted that the Phoenix City Code provides a formal process that allows the Zoning Administrator to interpret the Phoenix Zoning Ordinance to public members, City departments, and other branches of government and that Hammer chose not to use that process.

¶9          This appeal followed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

## DISCUSSION

¶10          We review the dismissal of a complaint under Rule 12(b)(6) *de novo. CVS Pharmacy, Inc. v. Bostwick*, 251 Ariz. 511, 516, ¶ 10 (2021). We accept all well-pled facts as true and give Hammer the benefit of all inferences arising from them. *Botma v. Huser*, 202 Ariz. 14, 15, ¶ 2 (App. 2002). But courts should not speculate about hypothetical facts that may entitle plaintiffs to relief, *see Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 420, ¶ 14 (2008), nor should courts accept as true conclusions of law, inferences, or deductions that are not necessarily implied by well-pled facts or that are unreasonable, or legal conclusions alleged as facts, *Jeter v. Mayo Clinic Ariz.*, 211 Ariz. 386, 389, ¶ 4 (App. 2005) (citations omitted). We will affirm the dismissal if Hammer is not entitled to relief under any

interpretation of the facts susceptible of proof as a matter of law. *See Mesnard v. Campagnolo*, 251 Ariz. 244, 248, ¶ 11 (2021).

**¶11** Negligence law principles govern negligent misrepresentation claims. *KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 236 Ariz. 326, 332, ¶ 30 (App. 2014). To state a claim, the plaintiff must allege, among other elements, that the defendant owed a duty of care. *Sw. Non-Profit Hous. Corp.*, 234 Ariz. at 391, ¶ 11. We review *de novo* whether the City owed Hammer such a duty. *Quiroz v. ALCOA Inc.*, 243 Ariz. 560, 563-64, ¶ 7 (2018). A duty is based on "recognized common law special relationships or relationships created by public policy." *Id.* at 565, ¶ 14.

**¶12** Hammer did not allege a special relationship with the City. It instead contends the City's duty of care comes from the Restatement (Second) of Torts § 552. A duty of care can originate in public policy from Restatement sections consistent with Arizona law. *Cal-Am Props. Inc. v. Edais Eng'g Inc.*, 253 Ariz. 78, 82, 83, ¶¶ 14, 17 (2022).

**¶13** Section 552(1) provides:

> One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Restatement (Second) of Torts § 552(1).[1] Hammer sufficiently alleged the City had a pecuniary interest "arising from its expectancy of receiving fees" and that Hammer paid those fees when it received the information from the City. Yet the superior court found that any duty the City may have owed "extends only to *factual* information" and that Hammer was "seeking advice about . . . legal issues like the application of municipal ordinances to a particular piece of property."

**¶14**      Hammer alleged that it sought information about what stipulations applied to the property, not legal advice on addressing any such stipulations. Hammer alleged it met with the City to determine

> whether [it] wished to pay fees . . . necessary to complete a proposed residential infill development at the Property, purchase the Property, and develop the Property, which depended on what zoning and land use restrictions within the jurisdiction of the City . . . existed with respect to the Property.

It also alleged that it "requested . . . all information regarding any zoning or land use stipulations or issues affecting the Property that might impact [Hammer's] ability to develop the Property as it planned." And according to the complaint, other than a resolvable lot split issue, the City planner confirmed "there were no other . . . land use stipulations applicable to the Property or the plans." As a result, nothing in the complaint suggests Hammer sought legal advice. The gravamen of the complaint was that, in

---

[1]      Hammer partly relies on § 552(3) on appeal. That subsection outlines the potential liability of "one who is under a public duty to give . . . information," stating that his or her liability "extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect them." It is an exception to § 552(2), which generally limits liability to loss suffered by (1) the recipient of the information or (2) "one of a limited group of persons for whose benefit and guidance [the provider] intends to supply the information or knows that the recipient intends to supply it." Restatement (Second) of Torts § 552(2). Because Hammer received the information, we need not address § 552(3). Nor do we address whether the Restatement (Third) of Torts: Liability for Economic Harm (2019) displaces § 552, as the parties do not raise that issue and it has not been resolved by the Arizona Supreme Court.

response to Hammer's request for factual information, the City failed to inform Hammer of stipulations on the property.

¶15 The City contends Hammer was seeking legal advice because "zoning and land use stipulations have the force of law," citing the Phoenix Zoning Ordinance. The rule prohibiting liability arising from misrepresentation of matters of law only applies because "representations as to matters of law are ordinarily considered to be expressions of opinion" and "justifiable reliance cannot be had upon mere opinion of another" absent an exception, such as a special relationship. *Waugh v. Lennard*, 69 Ariz. 214, 227 (1949). But Hammer did not request or rely on a legal opinion about a stipulation; it merely asked whether any existed.

¶16 Whether stipulations exist on a particular parcel of land is a factual question—either there are stipulations or there are not. *See In re Jake's Granite Supplies, L.L.C.*, 442 B.R. 703, 706-07 (D. Ariz. 2010) (genuine issue of fact where land survey stated that "[t]he premises surveyed have no known discrepancies, boundary line conflicts, encroachments, overlapping of improvements, easements or right-of-way except as shown, and has access to or from a dedicated roadway"). Indeed, the Restatement considers these very circumstances, defining an exception for misrepresentations of law that "include[], expressly or by implication, misrepresentations of fact." *See* Restatement (Second) of Torts § 545(1). In such cases, "the recipient is justified in relying upon the misrepresentation of fact to the same extent as though it were any other misrepresentation of fact." *Id.* Opining on how an existing stipulation affects land may involve legal advice, divulging whether stipulations exist does not. *Accord In re Jake's Granite Supplies*, 442 B.R. at 706–07.

¶17 The City also contends that information about "the stipulations at issue [was] *not* uniquely in the City's possession." But Hammer's complaint alleged that it was. This factual dispute cannot be resolved on a Rule 12(b)(6) motion to dismiss. *Coleman v. City of Mesa*, 230 Ariz. 352, 363, ¶ 46 (2012).

¶18 The City also cites *Valencia Energy Co. v. Arizona Department of Revenue*, 191 Ariz. 565, 577, ¶ 36 (1998), to contend that "the state may not be estopped due to the casual acts, advice, or instructions issued by nonsupervisory employees." *Valencia* involved an equitable estoppel claim against the state from acting, not a negligent misrepresentation claim for money damages. *See id*. at 568, ¶ 1. In any event, the parties dispute whether the information the City provided at the February 2020 meeting constituted "casual acts, advice, or instructions." Hammer alleged that it and the City

"reasonably expected that the [City] representative . . . would be not only the correct person to speak on behalf of the City . . . but also that he would exercise reasonable care and competence in the ascertainment of any provision to [Hammer] of the information sought." The dispute and its legal resolution cannot be resolved in a Rule 12(b)(6) motion.

¶19     The City also contends Hammer should have more formally requested the information by making a public records request or seeking a zoning verification letter. The City does not contend Hammer had to do either of these things; it only contends that more formal avenues "would be far more likely to give rise to estoppel and, by extension, tort duty." The City cites no authority suggesting the duty stated in § 552 only arises if the recipient of information makes a formal request.

## CONCLUSION

¶20     We vacate the superior court's order granting the City's motion to dismiss for failure to state a claim and remand for further proceedings consistent with this opinion. Hammer may recover its taxable costs incurred on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:    AA