IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

———————————————

SIRRAH ENTERPRISES, LLC, an Arizona Corporation,
*Plaintiff/Counterdefendant/Appellant*,

*v.*

WAYNE and JACQUELINE WUNDERLICH, husband and wife,
*Defendants/Counterclaimants/Appellees.*

No. 1 CA-CV 15-0058
FILED 6-16-2016

———————————————

Appeal from the Superior Court in Yavapai County
No. P1300CV20070399
The Honorable David L. Mackey, Judge

**AFFIRMED IN PART AND REVERSED IN PART**

———————————————

COUNSEL

Bremer Whyte Brown & O'Meara, Phoenix
By John J. Belanger, Paul O. Mittelstadt
*Counsel for Plaintiff/Counterdefendant/Appellant*

The Adams Law Firm, PLLC, Prescott
By Jeffrey R. Adams
*Counsel for Defendants/Counterclaimants/Appellees*

---

**OPINION**

Judge Randall M. Howe delivered the opinion of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

H O W E, Judge:

¶1        This appeal is based on a construction contract dispute between Sirrah Enterprises, LLC ("Sirrah") and Wayne and Jacqueline Wunderlich (collectively, "the Wunderlichs"). Sirrah succeeded in a jury trial on a breach of contract claim against the Wunderlichs and was awarded damages, but the Wunderlichs succeeded on a counterclaim for breach of the implied warranty of workmanship and habitability and were awarded much greater damages. The trial court awarded attorneys' fees to the Wunderlichs as the prevailing party and denied Sirrah prejudgment interest on its award. Sirrah appeals from that judgment.

¶2        We hold that the trial court did not err by awarding the Wunderlichs attorneys' fees because the implied warranty of workmanship and habitability was an implied term of the construction contract and the nature and size of the jury's award for the breach of that warranty made the Wunderlichs the prevailing party in the dispute. We also hold, however, that the trial court erred in denying Sirrah prejudgment interest on its breach of contract claim because Sirrah timely requested interest and was entitled to it.

## FACTS AND PROCEDURAL HISTORY

¶3        In April 2006, the Wunderlichs contracted with Sirrah, a licensed contractor, to construct a basement and exterior walls for a house on the Wunderlichs' property. Under the contract, the Wunderlichs were to pay Sirrah the actual cost of construction plus fifteen percent, which at the time of the contract Sirrah estimated would total $68,582. The contract also specified that any amounts due to Sirrah "shall accrue interest at the rate of one and one-half percent per month from the date due until paid." Finally, the contract's attorneys' fees provision stipulated that "in the event either party . . . is required to retain the services of an attorney to enforce any term or provision of this agreement, the prevailing party shall be entitled to and the losing party shall pay all expenses and costs including reasonable attorneys' fees incurred by the prevailing party."

¶4        Sirrah began working on the Wunderlichs' property later that month, and the Wunderlichs made payments as Sirrah completed the work. In early December, Sirrah submitted an invoice for $26,908.47, but upon receiving that invoice, the Wunderlichs objected to the labor and materials that Sirrah's concrete subcontractor provided. Sirrah first reduced the balance owed to $22,259.33 and then to $19,878.49, but the Wunderlichs still did not pay. In January 2007, Sirrah completed the work and submitted a final invoice for $8,905.24. Again, the Wunderlichs did not pay.

¶5        Sirrah consequently sued the Wunderlichs, alleging, among other things, breach of contract for failure to pay and breach of the implied covenant of good faith and fair dealing for failing to fulfill their contractual obligations in a timely manner. Sirrah sought actual and compensatory damages to be proved at trial, "but in no event less than" $28,783.73, prejudgment interest at the statutory rate of ten percent per annum from the date the last invoice was issued, and attorneys' fees and costs pursuant to the contract and A.R.S. § 12–341.01.

¶6        The Wunderlichs counter-claimed, alleging, among other things, breach of contract, breach of the contract's implied warranty of workmanship and habitability, and breach of the implied covenant of good faith and fair dealing. Specifically, the Wunderlichs alleged that the walls Sirrah constructed were out of plumb and not square, that several batches of grout used on the project were less than 3,000 pounds per square inch as promised because Sirrah failed to supervise its use, and that Sirrah failed to follow industry standards and manufacturer requirements for the construction of the walls by failing to properly seal and support them. The Wunderlichs sought compensatory damages at an amount to be proved at trial as well as pre- and post-judgment interest.

¶7        After seven years of discovery and pretrial motions, the parties tried the case before a jury. The jury found in Sirrah's favor on its breach of contract claim against the Wunderlichs, awarding $31,374 in damages. The jury further found in Sirrah's favor on the Wunderlichs' claims for breach of contract and breach of the covenant of good faith and fair dealing. However, the jury found in the Wunderlichs' favor on their claim for breach of the implied warranty of workmanship and habitability, awarding them $297,782 in damages. Of that award, $214,579 was for the cost of demolition, repair, and reconstruction of Sirrah's work.

¶8        The Wunderlichs applied for attorneys' fees pursuant to A.R.S. § 12–341.01, arguing that their claim for breach of implied warranty arose out of contract, and claimed taxable costs pursuant to

A.R.S. § 12–341. Sirrah objected, arguing that the Wunderlichs could not seek fees under A.R.S. § 12–341.01 because their contract had an attorneys' fees provision that took precedence over the statute. Sirrah also contended that the Wunderlichs could not seek fees under the contract because it allowed for fees only for successfully enforcing the contract, and the implied warranty claim was not based on the contract. Sirrah argued that it was the only party entitled to fees under the contract because it was the prevailing party on all attempts to enforce the contract.

¶9 The trial court disagreed. It ruled that the warranty of workmanship and habitability was implied by law in every home construction contract, so the Wunderlichs were entitled to attorneys' fees if they were the "successful party" under A.R.S. § 12–341.01 or the "prevailing party" under the contract. The court found that although the Wunderlichs breached the contract by not paying Sirrah, they were nevertheless the successful and prevailing party "under the totality of the circumstances" because the Wunderlichs proved—and a representative from Sirrah admitted—that the work Sirrah contracted to perform fell below standards in "nearly every aspect of the construction." The court also found that the Wunderlichs were the prevailing and successful party because the jury found in the Wunderlichs' favor on the implied warranty claim and the jury's verdict on that claim was "substantially more" than the jury's verdict in Sirrah's favor on the breach of contract claim. The trial court additionally awarded the Wunderlichs, as the prevailing party, their taxable costs pursuant to A.R.S. § 12–341 and the terms of the contract.

¶10 Based on these rulings, the trial court ordered the Wunderlichs to submit a proposed final judgment. The Wunderlichs did so, and included in that judgment an award of prejudgment interest owed to them at the legal rate pursuant to A.R.S. § 44–1201, but not to Sirrah. Sirrah objected, arguing that it, not the Wunderlichs, was entitled to prejudgment interest as a matter of right pursuant to the contract. Sirrah attached its own proposed judgment, which included prejudgment interest on its award accruing from the date the last invoice was due pursuant to the contract at a monthly rate of one and one-half percent. The trial court denied Sirrah's request for prejudgment interest, stating—without explanation—that the request was untimely. The trial court also stated that "the amount is not actually due because of the substantial judgment awarded against the plaintiff."

## DISCUSSION

### 1. Attorneys' Fees in the Trial Court

¶11        Sirrah argues that the trial court erred by awarding the Wunderlichs attorneys' fees pursuant to A.R.S. § 12–341.01 and the contract because the Wunderlichs did not prevail on any claim to enforce the contract. We enforce a contractual provision for attorneys' fees according to its terms. *Geller v. Lesk*, 230 Ariz. 624, 627 ¶ 10, 285 P.3d 972, 975 (App. 2012). Because Sirrah and the Wunderlichs contractually provided for the recovery of attorneys' fees here, A.R.S. § 12–341.01 does not apply. *See* A.R.S. § 12–341.01(A) ("This section shall in no manner be construed as altering, prohibiting or restricting present or future contracts . . . that may provide for attorneys' fees."). Accordingly, we review the trial court's ruling awarding attorneys' fees under the contract for an abuse of discretion, but review the court's interpretation of the contractual fee provision de novo as an issue of law. *Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 133 ¶ 31, 272 P.3d 355, 364 (App. 2012). We will affirm if a reasonable basis supports the trial court's ruling. *Id.* Here, the trial court did not abuse its discretion in awarding attorneys' fees to the Wunderlichs under the contract.

¶12        Sirrah first argues that the Wunderlichs' claim for breach of the implied warranty of workmanship and habitability was not an attempt to "enforce any term or provision" of the contract. In Arizona, a builder impliedly warrants that the construction will be completed in a workmanlike manner and that the structure will be habitable. *Columbia Western Corp. v. Vela*, 122 Ariz. 28, 33, 592 P.2d 1294, 1299 (App. 1979). This warranty is imputed "*into the contract* for the construction . . . of a residence." *Woodward v. Chirco Const. Co., Inc.*, 141 Ariz. 514, 516, 687 P.2d 1269, 1271 (1984) (emphasis added). Thus, "a claim for a breach of the implied warranty of habitability sounds in contract." *Hall v. Read Dev., Inc.*, 229 Ariz. 277, 284 ¶ 29, 274 P.3d 1211, 1218 (App. 2012).

¶13        Here, Sirrah entered into a construction contract with the Wunderlichs explicitly for the construction of a basement and exterior walls on the Wunderlichs' property. Upon entering this contract, Sirrah impliedly warranted that it would complete the construction in a workmanlike manner and that the basement would be habitable. Accordingly, because Sirrah and the Wunderlichs had a construction contract into which the law imputed a warranty of workmanship and habitability, the Wunderlichs' claim for breach of that warranty enforced a term or provision of the

contract. The Wunderlichs were therefore eligible for an award of attorneys' fees under the contract's attorneys' fees provision.

¶14        To support its contrary argument, Sirrah cites to this Court's holding in *Sullivan v. Pulte Home Corp.*, 231 Ariz. 53, 290 P.3d 446 (App. 2012), *affirmed in part and vacated in part on other grounds*, 232 Ariz. 344, 306 P.3d 1 (2013), for the proposition that a claim for breach of the implied warranty of workmanship and habitability does not arise out of or enforce a contract. But this misconstrues *Sullivan*. There, the Sullivans were subsequent homebuyers who had no express or implied-in-fact contract with the builder. 231 Ariz. at 55 ¶ 3, 290 P.3d at 448. Instead, their claim for breach of implied warranty of workmanship and habitability was based solely on a contract implied-in-law. *Id.* at 62 ¶ 48, 290 P.3d at 455; *see also Richards v. Powercraft Homes, Inc.*, 139 Ariz. 242, 244, 678 P.2d 427, 429 (1984) (providing that because the subsequent homebuyers did not have a contract with the builder, the implied warranty was "imposed by law"). Because "A.R.S. § 12–341.01(A) applies to actions arising out of express contracts and implied-in-fact contracts, but not implied-in-law contracts," the Sullivans' claim did not arise out of contract and the prevailing party was not entitled to attorneys' fees. *Sullivan*, 231 Ariz. at 62 ¶ 48, 290 P.3d at 455.

¶15        In contrast, the claim for breach of the implied warranty of workmanship and habitability in this case was based on the express construction contract between Sirrah and the Wunderlichs. The implied warranty attached to that express contract and the Wunderlichs' claim for breach of that warranty thus enforced a term or provision of it. *See Woodward*, 141 Ariz. at 516, 687 P.2d at 1271 (holding that the six-year statute of limitations applied because the cause of action for breach of implied warranty was based on an express contract between the parties); *cf. Barmat v. John & Jane Doe Partners A-D*, 155 Ariz. 519, 521, 747 P.2d 1218, 1220 (1987) (stating the breach of an implied covenant in an implied contract—instead of an express contract—does not necessarily arise out of contract under A.R.S. § 13–341.01(A)). Because the Wunderlichs' breach of implied warranty of workmanship and habitability was based on their express contract with Sirrah, A.R.S. § 12–341.01(A) applies and attorneys' fees are appropriate.

¶16        Sirrah further argues that the trial court erred in concluding that the Wunderlichs were the prevailing party under the contract for purposes of awarding fees. In deciding which party prevailed under the terms of a contract when the case involves multiple claims, we apply the same standard as if we were deciding which party prevailed under A.R.S. § 12–341.01. *Murphy Farrell*, 229 Ariz. at 134 ¶ 36, 272 P.3d at 365 ("We

discern no reason to apply a different paradigm in deciding which party is the 'prevailing party' under the terms of the Agreement."). The trial court has sole discretion to determine which party prevailed and we will not disturb the trial court's ruling if any reasonable basis exists to support it. *Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38, 800 P.2d 20, 25 (App. 1990). Further, in cases involving multiple claims and varied success, the trial court may apply a "percentage of success" or a "totality of the litigation test" in determining which party prevailed. *Berry v. 352 E. Virginia, L.L.C.*, 228 Ariz. 9, 13–14 ¶ 22, 261 P.3d 784, 788–89 (App. 2011). We defer to the trial court because it is better able to evaluate the parties' positions during the litigation and to determine which party prevailed. *Id.* at 13 ¶ 22, 261 P.3d at 788.

¶17　　　A reasonable basis supports the trial court's finding that the Wunderlichs were the prevailing party under the totality of the litigation test. The parties made multiple claims regarding Sirrah's construction of the basement and exterior walls and the Wunderlichs' refusal to pay Sirrah for its work. The trial court stated in its ruling that although the Wunderlichs breached the contract by failing to make their final payments to Sirrah, the Wunderlichs had established that Sirrah defectively constructed the basement and exterior walls that it contracted to build. In addition, the jury awarded the Wunderlichs $297,782, most of which was for the cost of demolition, repair, and reconstruction of the work Sirrah had performed under the contract. While the jury awarded Sirrah $31,374 for the unpaid balance, this was significantly less than the amount awarded to the Wunderlichs for the necessary repairs. Based on these circumstances, the trial court reasonably concluded that the Wunderlichs were the prevailing party for purposes of awarding fees under the contractual provision.

¶18　　　Sirrah counters that it was the prevailing party for purposes of awarding attorneys' fees because it prevailed in its breach of contract claim relating to the Wunderlichs' unpaid balance and on the Wunderlichs' counterclaim for breach of contract, while the Wunderlichs prevailed only on an implied warranty claim. But the Wunderlichs' claim enforced the contract and partial success does not preclude a party from prevailing or the trial court from awarding attorneys' fees. *Berry*, 228 Ariz. at 14 ¶ 24, 261 P.3d at 789. Further, although Sirrah received the unpaid balance it sought and succeeded on other breach of contract claim, the Wunderlichs, who had refused to pay Sirrah's invoices due to faulty work, won a larger monetary judgment to repair and reconstruct Sirrah's defective construction. Accordingly, a reasonable basis supports the finding that the

Wunderlichs were the prevailing party and the trial court did not err in awarding them attorneys' fees pursuant to the contract.

## 2. Prejudgment Interest

**¶19** Sirrah next argues that the trial court erred in finding that Sirrah untimely requested prejudgment interest on the Wunderlichs' unpaid balance and in denying it that interest. We review the trial court's ruling on entitlement to prejudgment interest de novo. *John C. Lincoln Hosp. & Health Corp. v. Maricopa County*, 208 Ariz. 532, 545 ¶ 39, 96 P.3d 530, 543 (App. 2004). In Arizona, "[i]nterest on any . . . indebtedness or other obligation shall be at the rate of ten percent per annum, unless a different rate is contracted for in writing . . . . Interest on any judgment that is based on a written contract . . . shall be at the rate provided . . . and specified in the judgment." A.R.S. § 44–1201(A). Prejudgment interest is not authorized for unliquidated amounts. A.R.S. § 44–1201(D)(1). But "a party with a liquidated claim is entitled to a prejudgment interest as a matter of right." *Precision Heavy Haul, Inc. v. Trail King Indus., Inc.*, 224 Ariz. 159, 160 ¶ 4, 228 P.3d 895, 896 (App. 2010). A claim is liquidated if the plaintiff provides a basis for precisely calculating the amount owed, and the amount of the claim must be capable of exact calculation on the date of accrual. *Scottsdale Ins. Co. v. Cendejas*, 220 Ariz. 281, 288, 289 ¶¶ 33, 37, 205 P.3d 1128, 1135, 1136 (App. 2009).

**¶20** The trial court erred in denying Sirrah prejudgment interest because Sirrah did not act untimely and was entitled to the interest as a matter of right. Contrary to the trial court's statement, Sirrah timely requested prejudgment interest throughout the litigation. Sirrah first requested interest in its complaint. Later, Sirrah objected to the Wunderlichs' proposed final judgment—which awarded prejudgment interest to the Wunderlichs but not Sirrah—arguing that the contract entitled Sirrah to prejudgment interest as a matter of right. Additionally, Sirrah attached to its objection its own proposed final judgment, which included a provision granting it prejudgment interest pursuant to the contract. Nothing in the contract or authorities the parties otherwise cite required that Sirrah request prejudgment interest within a certain time or that any other conditions be met for Sirrah to seek prejudgment interest.

**¶21** Further, not only had Sirrah requested prejudgment interest on the unpaid balance throughout the litigation, but Sirrah was entitled to that interest pursuant to the contract as a matter of right. Sirrah and the Wunderlichs included in their contract a provision requiring that interest accrue on indebtedness owed to Sirrah at a monthly rate of one and one-

half percent. The jury found that the Wunderlichs owed Sirrah a sum of $31,374 for their breach of contract. This sum the Wunderlichs owed was an indebtedness for which interest "shall be at the rate . . . provided in the agreement and specified in the judgment." A.R.S. § 44–1201(A); *see also Democratic Party of Pima Cty. v. Ford*, 228 Ariz. 545, 548 ¶ 9, 269 P.3d 721, 724 (App. 2012) (providing that the use of "shall" indicates a mandatory provision). Although prejudgment interest typically accrues from the date of default on the payment, in this case the amount owed was not capable of exact calculation until June 6, 2014—the date of the jury's verdict.

**¶22** The Wunderlichs argue, however, that this amount is not liquidated because the verdict was not itemized. But itemization is not necessary, as long as the plaintiff provides a basis for precisely calculating the amount owed. *Berry*, 228 Ariz. at 13 ¶ 19, 261 P.3d at 788. Because Sirrah submitted the invoices of the amounts due and the verdict identifies the precise amount the Wunderlichs owed Sirrah, the verdict effectively liquidated the amount owed. The Wunderlichs' argument that Sirrah's claim was not liquidated is thus unavailing.

**¶23** The Wunderlichs counter that Sirrah waived its argument for prejudgment interest on appeal by failing to request a jury instruction on contract interest, move to set aside the jury's verdict, or move for a new trial. But the Wunderlichs have not shown that the issue was one for the jury to decide and Sirrah has not waived the argument for appeal. Sirrah objected to the Wunderlichs' proposed final judgment that did not grant Sirrah prejudgment interest. *Cf. Ruck Corp. v. Woudenerg*, 125 Ariz. 519, 522–23, 611 P.2d 106, 109–10 (App. 1980) (providing that a failure to object in the trial court constitutes a waiver on appeal). Moreover, given that the trial court denied Sirrah's request for prejudgment interest, it cannot be said that Sirrah requests prejudgment interest for the first time on appeal. Thus, the trial court erred by denying Sirrah prejudgment interest at a rate of one and one-half percent. Accordingly, although the Wunderlichs' award was substantially larger than Sirrah's, Sirrah was entitled to prejudgment interest on its $31,374 award at the contractual monthly rate of one and one-half percent from June 6, 2014, when the amount was liquidated by the jury's verdict. We reverse the trial court's conclusion regarding Sirrah's entitlement to prejudgment interest.[1]

---

[1] We note that the trial court also denied the Wunderlichs an award of prejudgment interest, but the Wunderlichs do not appeal that issue.

### 3. Attorneys' Fees on Appeal

**¶24** Sirrah requests attorneys' fees on appeal pursuant to A.R.S. § 12–341.01 and requests its taxable costs and expenses pursuant to the terms of the contract. The Wunderlichs request attorneys' fees pursuant to A.R.S. § 12–341.01. We deny Sirrah's request because, although it succeeded on the prejudgment interest issue, it is not the overall prevailing party on appeal because its award for prejudgment interest is substantially smaller than the award of attorney's fees upheld from the trial court. We award the Wunderlichs reasonable attorneys' fees and costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21(a) because they are the prevailing party on appeal.

### CONCLUSION

**¶25** We affirm the trial court's order awarding the Wunderlichs attorneys' fees as the prevailing party under the terms of the contract, but reverse the trial court's order denying prejudgment interest to Sirrah at the monthly rate of one and one-half percent pursuant to the contract.



Ruth A. Willingham · Clerk of the Court
F I L E D : AA