IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

SIRRAH ENTERPRISES, LLC, AN ARIZONA LIMITED LIABILITY COMPANY,
*Plaintiff/Counterdefendant/Appellant,*

*v.*

WAYNE AND JACQUELINE WUNDERLICH, HUSBAND AND WIFE,
*Defendants/Counterclaimants/Appellees.*

No. CV-16-0156-PR
Filed August 9, 2017

Appeal from the Superior Court in Yavapai County
The Honorable David L. Mackey, Judge
No. CV 20070399
**AFFIRMED**

Opinion of the Court of Appeals, Division One
240 Ariz. 163 (App. 2016)
**VACATED**

COUNSEL:

John J. Belanger (argued), Bremer Whyte Brown & O'Meara, Tempe, Attorneys for Sirrah Enterprises, LLC

Jeffrey R. Adams (argued), The Adams Law Firm, PLLC, Prescott, Attorneys for Wayne and Jacqueline Wunderlich

Stephen E. Richman (argued), Vail C. Cloar, Dickinson Wright PLLC, Phoenix, Attorneys for Amicus Curiae Home Builders Association of Central Arizona

JUSTICE TIMMER authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL, BOLICK, GOULD, and LOPEZ joined.

JUSTICE TIMMER, opinion of the Court:

**¶1**     The law implies a warranty of workmanship and habitability into every residential construction contract. This Court has wrestled with application of this warranty on several occasions. We reenter the fray and here decide whether the successful party on a claim for breach of the warranty qualifies for an attorney-fee award under either a contractual fee provision or A.R.S. § 12-341.01. Because the warranty is imputed into the construction contract, it is a term of the contract. Any claim for breach of that term arises from the contract. The successful party therefore qualifies for fees under a controlling contractual fee provision or, barring that, § 12-341.01.

## BACKGROUND

**¶2**     Wayne and Jacqueline Wunderlich contracted with Sirrah Enterprises, LLC to build "a basement through exterior walls" at the Wunderlichs' home. Sirrah performed the work. The Wunderlichs partially paid Sirrah but refused to pay the full contract amount, claiming construction defects.

**¶3**     Sirrah sued for the unpaid contract amount. The Wunderlichs counterclaimed for breach of the implied warranty of workmanship and habitability (the "Implied Warranty" or "Warranty") and other claims. A jury found in Sirrah's favor on its claim and awarded it $31,374. The jury further found in Sirrah's favor on the Wunderlichs' claims for breach of contract and breach of the covenant of good faith and fair dealing. But the jury found in the Wunderlichs' favor on their claim for breach of the Implied Warranty and awarded them $297,782.

**¶4**     The trial court determined that the Wunderlichs were the prevailing parties and awarded them attorney fees pursuant to a contractual fee provision and § 12-341.01. The court of appeals affirmed the award as authorized by the contractual fee provision. *Sirrah Enters., LLC v. Wunderlich*, 240 Ariz. 163, 171 ¶ 25 (App. 2016). (The court variously stated that § 12-341.01 did and did not apply here, but ultimately rested its decision on the contractual fee provision. *Id*. at 168–69 ¶¶ 11, 15, 171 ¶ 24.)

¶5        We granted review because the recovery of fees under a contractual fee provision or § 12-341.01 for an Implied Warranty claim is a recurring legal issue of statewide importance.  This Court has jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

¶6        The parties' contract provides that if either party "is required to retain the services of an attorney to enforce any term or provision of this Agreement, the prevailing party shall be entitled to and the losing party shall pay all expenses and costs including reasonable attorney's fees incurred by the prevailing party."  Sirrah argues that the Implied Warranty was not a "term or provision" of the contract but was imposed by law regardless of the contract's existence, and therefore the Wunderlichs' success on only their warranty claim did not trigger the fee provision.  The Wunderlichs respond, and the trial and appellate courts agreed, that the law imputed the Implied Warranty into the parties' contract, making the Warranty a "term or provision" of the contract, and fees were properly awarded.  *See Sirrah*, 240 Ariz. at 167–68 ¶¶ 9, 12.

¶7        We review de novo the courts' interpretation of the parties' contractual fee provision as applying to Implied Warranty claims.  *See Murphy Farrell Dev., LLLP v. Sourant*, 229 Ariz. 124, 133 ¶ 31 (App. 2012).

## I.        The Implied Warranty is a contract term

¶8        Under the Implied Warranty, a residential builder warrants that its work is performed in a workmanlike manner and that the structure is habitable.  *See Lofts at Fillmore Condo. Ass'n v. Reliance Commercial Constr., Inc.* (*Lofts*), 218 Ariz. 574, 575 ¶ 5 (2008).  The Warranty "is imposed by law" and serves "to protect innocent purchasers and hold builders accountable for their work."  *Richards v. Powercraft Homes, Inc.*, 139 Ariz. 242, 244-45 (1984) (citation and internal quotation marks omitted).  A homeowner is not required to have privity of contract with the builder to sue it for breach of the Implied Warranty.  *See Lofts*, 218 Ariz. at 577 ¶ 15; *Richards*, 139 Ariz. at 245.  Rather, the Implied Warranty "arises from construction of the home," and therefore runs to subsequent purchasers.  *Lofts*, 218 Ariz. at 577 ¶¶ 13–14 (reasoning that *Richards* and other cases "make clear that an implied

warranty arises from construction of the home, without regard to the identity of the vendor").

**¶9**          Sirrah argues that because the Implied Warranty "arises from construction of the home," it neither constitutes a contract term nor arises from a contract. We disagree.

**¶10**          *Woodward v. Chirco Construction Co., Inc.*, 141 Ariz. 514 (1984), directs our decision. The homebuilder there, Chirco Construction, argued that the six-year statute of limitations applicable for contract claims, A.R.S. § 12-548(A), did not apply to preserve the purchasing homeowners' claim for breach of the Implied Warranty. *Id.* at 515–16. Relying on *Richards*'s pronouncement that the Implied Warranty "is imposed by law," Chirco Construction asserted that the Warranty could not arise from the parties' contract and, even if it did, breach of the Warranty only created a tort claim. *Id.* at 515. This Court disagreed. We decided that negligent construction of a residence can simultaneously support contract damages for breach of the Implied Warranty and tort damages for any personal injury or damaged personal property caused by the contractor's negligence. *Id.* at 515–16. The Court recognized that the Implied Warranty "arises from the contractual relation between the builder and the purchaser." *Id.* at 516 (citation and internal quotation marks omitted). Significantly, we also clarified *Richards*:

> Our statement in *Richards*, *supra*, that the implied warranty of workmanlike performance and habitability "is imposed by law" was not meant to transform the duty arising out of the contract into one based on tort principles alone; instead, it was meant to inform buyers and sellers that the law imputes the warranty into the contact for the construction and sale of the residence. We then held that the warranty runs to subsequent purchasers of the residence. If the warranty did not arise out of the contract and provide for a cause of action in contract, we would have had no cause to be concerned about the absence of privity between Richards and Powercraft Homes, Inc.

*Id.* The Court concluded that the court of appeals properly applied the six-year statute of limitations to the Implied Warranty claim at issue. *Id.*

4

¶11 In *Lofts*, the Court did not retreat from its position in *Woodward* that the Implied Warranty is imputed into a construction contract and runs to subsequent purchasers. Indeed, the Court cited *Woodward* for the principle that "[a] claim for breach of the implied warranty sounds in contract." *Lofts*, 218 Ariz. at 575 ¶ 5. Also consistent with *Woodward*, the Court held that a subsequent homebuyer who lacked contractual privity with a non-vendor builder could nevertheless sue the builder for breach of the Warranty. *See id.* at 577–78 ¶¶ 13–19. The only reason for addressing privity was because the Court treated the Implied Warranty as a contract term.

¶12 Finally, since deciding *Lofts*, we have reiterated *Woodward*'s characterization of the Implied Warranty as a contract term. *See Sullivan v. Pulte Home Corp.* (*Sullivan II*), 232 Ariz. 344, 346 ¶ 13 (2013) ("[The] law imputes [the] warranty into [a] construction contract and allows subsequent purchasers a cause of action." (citing *Woodward*, 141 Ariz. at 516)). We again confirm that description here.

## II. *Barmat* does not apply

¶13 Citing *Barmat v. John & Jane Doe Partners A-D*, 155 Ariz. 519 (1987), Sirrah argues that because the Implied Warranty is imposed by law, breach of the Warranty cannot give rise to a contract-based fee award. We disagree.

¶14 *Barmat* addressed whether a legal malpractice claim "arises out of a contract" for purposes of awarding fees under § 12-341.01(A). *Id.* at 520. The clients there argued that § 12-341.01(A) applied because the law implies a contract between lawyer and client, which includes a covenant of competent and ethical representation. *Id.* at 521. After noting that the law implies contracts in several professional relationships and some nonprofessional ones, such as innkeeper-guest and common carrier-passenger, the Court concluded that the legislature did not intend § 12-341.01(A) to reach tort claims arising from these relationships. *Id.*

¶15 The Court labeled a contract implied in law as a "legal fiction," *id.* at 522, created "without regard to expressions of assent by either words or acts," *id.* at 521 (citation and internal quotation marks omitted). Such contracts "aris[e] from relationships between professionals and their

clients and from other special relationships" and "the law imposes special duties [owed] to all within the foreseeable range of harm as a matter of public policy." *Id.* at 522. Because "[t]he essential nature of actions to recover for the breach of such duties" is one arising from tort rather than contract, § 12-341.01(A) does not apply. *Id.* at 523.

**¶16** *Barmat* does not apply here. First, breach of the Implied Warranty is a contract claim, not a tort claim. *See Woodward*, 141 Ariz. at 515-16; *cf.* A.R.S. § 12-552(A), (C) (providing a statute of repose for suits "based in contract" including "any action based on implied warranty arising out of the contract or the construction, including implied warranties of habitability, fitness or workmanship"). *Barmat* applies to determine whether a *tort claim* arising from a relationship characterized by an implied-in-law contract can authorize a fee award; it does not apply to contract claims.

**¶17** Second, *Barmat* did not address whether § 12-341.01(A) authorizes fees on a claim for breach of a duty imputed by law as a term of an express contract. Rather, the case concerned the proper interpretation of "implied contract" as used in § 12-341.01(A). *Barmat*, 155 Ariz. at 522 ("[T]he oft-used statutory phrase 'contract express or implied' has no single meaning and 'requires interpretation and definition.'" (citation omitted)). And *Barmat* did not suggest that fees are unavailable on claims for breach of an implied-in-law term of an express contract. *Cf. id.* (approving decision in *Sparks v. Republic Nat'l Life Ins. Co.*, 132 Ariz. 529 (1982), that claim for breach of the implied-in-law covenant of good faith and fair dealing imputed into an insurance contract "arises out of a contract" under § 12-341.01(A)).

**¶18** Third, the Implied Warranty does not arise from a professional relationship or other special relationship like those discussed in *Barmat*. Although implied by law, the Warranty is imputed into an express contract for home construction. *See Woodward*, 141 Ariz. at 516. As with the duty of good faith and fair dealing, also imputed by law into all express contracts, the Warranty is "as much a part of a contract as are the express terms." *See Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Tr. Fund*, 201 Ariz. 474, 490 ¶ 59 (2002).

**¶19**     The court of appeals has taken a different standpoint on *Barmat*'s impact on claims for breach of the Implied Warranty. In *Sullivan v. Pulte Home Corp.* (*Sullivan I*), 231 Ariz. 53, 62 ¶ 48 (App. 2012), *vacated in part on other grounds*, 232 Ariz. 344 (2013), the court found that because *Barmat* decided that § 12-341.01(A) does not apply to implied-in-law contracts, and the Implied Warranty is implied by law, § 12-341.01(A) does not apply to Implied Warranty claims. *See also N. Peak Constr., LLC v. Architecture Plus, Ltd.*, 227 Ariz. 165, 167, ¶ 7, 170 ¶ 26 (App. 2011) (applying the same analysis to deny a fee award on a claim for breach of an implied warranty of reasonable skill and diligence given by a design professional to a construction contractor). In the case now before us, the court of appeals reaffirmed the *Sullivan I* analysis but distinguished that case because, unlike the situation here, the builder and homeowners in *Sullivan I* lacked privity of contract. *Sirrah*, 240 Ariz. at 168 ¶¶ 14–15.

**¶20**     The flaw in the court of appeals' analysis is that the Implied Warranty does not create an implied-in-law contract between a builder and a homeowner. *See id.* ¶ 14 (describing the *Sullivan I* homeowners' claim for breach of the Implied Warranty as "based solely on a contract implied-in-law"). The Warranty is a term imputed by law into an express contract and can be enforced by subsequent homeowners. *See Woodward*, 141 Ariz. at 516. Section 12-341.01(A) therefore authorizes a fee award for the successful party on a claim for breach of the Implied Warranty because the claim "arises out of" an express contract.

**¶21**     We disapprove *Sullivan I* and *North Peak Construction, LLC* to the extent they conflict with our decision.

**¶22**     Sirrah asserts that our stance will result in dissimilar treatment of attorney fee applications depending on whether the claim for breach of the Implied Warranty was brought by an original or subsequent homeowner. Not so. Section 12-341.01(A) does not have a privity requirement for claims "arising out of" a contract. (In contrast, the parties must be in privity to enforce a contractual fee provision.) *Cf. Lacer v. Navajo Cty.*, 141 Ariz. 392, 394 (App. 1984) (determining a party was entitled to fees "if judgment in its favor is based upon the absence of the contract sued upon"). The Implied Warranty arises out of the construction contract; that characteristic does not change simply because the law effectively assigns the Warranty to subsequent homeowners. Just as a claim asserted by an

original homeowner in privity with a builder can arise from contract, so too can a claim asserted by a subsequent homeowner.

### III.     The propriety of fees on review

**¶23**          We agree with the court of appeals that the trial court properly awarded attorney fees to the Wunderlichs.  The parties' contract requires a fee award to the successful party on a claim "to enforce any term or provision."  Section 12-341.01(A), a discretionary fee provision, does not alter the parties' mandatory fee provision.  *See* A.R.S. § 12-341.01(A) (stating that the provision "shall not be construed as altering, prohibiting or restricting present or future contracts . . . that may provide for attorney fees").  As we have stated, the Implied Warranty is a term of the contract.  As the successful party in the claim to enforce the Warranty, the Wunderlichs were entitled to their reasonable attorney fees.  The trial court did not err in awarding them fees.

### CONCLUSION

**¶24**          We vacate the court of appeals' opinion and affirm the trial court judgment.  Upon compliance with ARCAP 21(b), we award the Wunderlichs their reasonable attorney fees on appeal.