IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

NARVETTA GIPSON, *Plaintiff/Appellant*,

*v.*

KEVIN SHINNICK, et al., *Defendants/Appellees*.

No. 1 CA-CV 24-0750

FILED 12-08-2025

Appeal from the Superior Court in Maricopa County
No. CV2021-004651
The Honorable Timothy J. Ryan, Judge, *Retired*

**AFFIRMED IN PART; VACATED IN PART AND REMANDED**

COUNSEL

Narvetta Gipson, Phoenix
*Plaintiff/Appellant*

Jaburg & Wilk, P.C., Phoenix
By Neal H. Bookspan, Ian M. Fischer
*Counsel for Defendant/Appellee Rental Renovators, Inc.*

Platt & Westby, P.C., Phoenix
By Peter H. Westby, Andrew Rahtz, Grant W. Davis
*Counsel for Defendants/Appellees Kevin & Laura Shinnick*

———————————————

**OPINION**

Judge Samuel A. Thumma delivered the opinion of the Court, in which Presiding Judge Paul J. McMurdie and Judge Kent E. Cattani joined.

———————————————

**T H U M M A**, Judge:

¶1        In this case arising out of the purchase and repair of a duplex, plaintiff Narvetta Gipson appeals from orders (1) precluding her, given a failure to provide proper disclosure, from testifying about prior rent charged and (2) finding defendants Laura and Kevin Shinnick (the sellers) and Rental Renovators, Inc. (the repair company) were successful parties in awarding defendants attorneys' fees and costs. Gipson has shown no error in the order precluding her testimony or the award of fees and costs to the Shinnicks. Because the "net judgment rule" applies to the competing monetary claims by Gipson and Rental Renovators, and Gipson won on all of those claims, Gipson was the successful party between those parties for an award of fees and costs. Moreover, Gipson was entitled to prejudgment interest from the date of the jury verdict. Accordingly, the court vacates the award of fees and costs to Rental Renovators, vacates the denial of prejudgment interest and remands for the superior court to determine whether to award Gipson fees and costs against Rental Renovators, including to address the impact of a settlement offer Rental Renovators made to Gipson.

## FACTS AND PROCEDURAL HISTORY

¶2        In 2019, Gipson purchased a residential rental duplex in Phoenix from the Shinnicks. The purchase contract required the Shinnicks to replace the property's sewer line before the sale closed. The Shinnicks hired Rental Renovators, an arm of the company that managed the duplex, to replace the sewer line. Rental Renovators replaced the sewer line, providing a warranty for the work. In September 2019, the purchase closed, Gipson took possession of the duplex and the Rental Renovators' warranty transferred to Gipson.

¶3 After taking possession, the sewer line had blockages and backups. Gipson contacted Rental Renovators to fix the problem. After working on the sewer line, Rental Renovators told Gipson the work was not covered by the warranty and invoiced her for the work. Gipson refused to pay the bill and, when the sewer line failed again, she had others do the work. Gipson later claimed that Rental Renovators had improperly replaced the sewer line. She also claimed the sewer line issues prevented her from renting out the duplex.

¶4 Gipson filed this action for money damages claiming (1) breach of the real estate purchase contract and negligent misrepresentation by the Shinnicks and (2) breach of the warranty and negligent misrepresentation by Rental Renovators. Rental Renovators counterclaimed, seeking money damages from Gipson for breach of contract as well as unjust enrichment, based on Gipson's failure to pay the bill for the sewer line work it had done.

¶5 The parties later filed competing summary judgment motions, which were denied. Rental Renovators then moved in limine to preclude Gipson from testifying about rent she had collected from renters at the duplex, alleging a failure to timely disclose that testimony. After briefing and oral argument, the court granted the motion in limine, noting Gipson "failed to timely and sufficiently disclose anticipated testimony about rental amounts she allegedly collected from renters at the property."

¶6 On February 6, 2024, after a five-day trial, the jury found: (1) for the Shinnicks on Gipson's claims against them; (2) for Gipson on her claims against Rental Renovators and (3) for Gipson on Rental Renovators' counterclaims. Gipson had asked the jury for nearly $180,000 in damages, representing lost rent of $114,000; $59,925 to replace the sewer line and $5,000 in other expenses. The jury, however, awarded Gipson no lost rent or other expenses and awarded her $42,500 in replacement costs against Rental Renovators.

¶7 Each of the parties sought an award of attorneys' fees and costs, claiming they were the successful party. *See* Ariz. Rev. Stat. (A.R.S.) §§ 12-341.01(A) and -341 (2025).[1] The Shinnicks also sought fees and costs under the purchase contract. After full briefing and oral argument, the court denied Gipson's request for prejudgment interest and entered judgments

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

awarding the Shinnicks $120,076 in fees and $6,334 in costs and awarding Rental Renovators $222,287 in fees and $6,395 in costs.

**¶8**   This court has jurisdiction over Gipson's timely appeal under Article 6, Section 9, of the Arizona Constitution and A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**I.**  **The Court Did Not Abuse Its Discretion in Precluding Gipson from Testifying About Rental Amounts She Previously Collected.**

**¶9**   This court "will not disturb a trial court's rulings on the exclusion or admission of evidence unless a clear abuse of discretion appears ***and*** prejudice results." *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996) (emphasis added; citation omitted). In reviewing for an abuse of discretion, the question is "whether a judicial mind, in view of the law and circumstances, could have made the ruling without exceeding the bounds of reason." *Associated Indem. Corp. v. Warner*, 143 Ariz. 567, 571 (1985) (quoting *Davis v. Davis*, 78 Ariz. 174, 179 (1954)).

**¶10**   Gipson was allowed to testify at trial to her opinion on the market value of the rent. What the court precluded Gipson from testifying about was "rental amounts she allegedly collected from renters at the property," given her failure to properly and timely disclose that information under Arizona Rule of Civil Procedure 26.1. Gipson argues the court erred, pointing to her timely disclosures that: (1) tenants moved out given sanitary issues caused by the sewer line problems; (2) she had difficulty finding new tenants and (3) she listed a former tenant as a potential trial witness. She also argues that the rental value was within the knowledge of both the Shinnicks (former owners) and Rental Renovators (former managers) of the rental duplex.

**¶11**   When, as here, a motion in limine seeks to enforce discovery rules, "it is effectively a request for sanctions under" Arizona Rule of Civil Procedure 37(c) and "must be considered and reviewed using the standards of Rules 26.1 and 37(c) and the cases that have applied them." *Zimmerman v. Shakman*, 204 Ariz. 231, 235 ¶ 12 (App. 2003). By rule, "***[u]nless the court specifically finds that such failure caused no prejudice or orders otherwise for good cause,*** a party who fails to timely disclose information, a witness, or a document required by Rule 26.1 ***may not use the information, witness, or document as evidence at trial*** . . . ." Ariz. R. Civ. P. 37(c)(1) (emphasis added).

¶12        Gipson's only timely disclosure regarding lost rent was her initial disclosure, which estimated $3,240 in lost monthly rent based on (1) the property listing, which was not offered at trial, and (2) a rental analysis, which Gipson concedes was inadmissible hearsay. Gipson admitted in her deposition that she did not know the market value rent, that her opinion on rent was based solely on the rental analysis and she could not provide foundation for the rental analysis. Moreover, it was months after the court-ordered disclosure deadline that she disclosed that her rental value testimony would also be based on her prior rental income from the property. None of this shows that Gipson properly and timely disclosed the prior rental amounts she had received.

¶13        Gipson also argues that her failure to disclose was not prejudicial, as the information about the prior rental amounts she received was known to the defendants, and there was good cause for any failure to disclose. But Gipson failed to raise these arguments with the superior court, meaning they are waived. *See Odom v. Farmers Ins. Co. of Ariz.*, 216 Ariz. 530, 535 ¶ 18 (App. 2007). Gipson also suggests a "culprit hearing" was required. *See Est. of Brady v. Tempe Life Care Vill., Inc.*, 254 Ariz. 122, 127 ¶ 20 n.3 (App. 2022) (a "culprit hearing" is "to determine the responsibility of a party, a party's attorney or both for disclosure violations"). Gipson, however, never requested such a hearing and does not develop the argument on appeal, meaning it is also waived. *See Odom*, 216 Ariz. at 535 ¶ 18; *MacMillan v. Schwartz*, 226 Ariz. 584, 591 ¶ 33 (App. 2011). On this record, Gipson has not shown that the superior court erred in excluding her testimony regarding previously collected rent.

## II.    Attorneys' Fees and Costs in Superior Court.

¶14        The court awarded fees and costs against Gipson and in favor of defendants, awarding the Shinnicks more than $125,000 and awarding Rental Renovators nearly $230,000. Gipson challenges those awards, arguing that she was the "successful party" and the amounts awarded "'exceed the bounds of reason.'"

¶15        In general, a party seeking to shift fees typically has the burden to: (1) show eligibility for fee shifting; (2) convince the court to exercise discretion it has to award the party any fees and (3) demonstrate the fees requested are reasonable and should be awarded. The first requirement — whether a party is eligible for fee shifting — turns on the application of law, which this court reviews de novo. *Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, 490 ¶ 34 (App. 2007). The second and third requirements are discretionary, which this court reviews for an abuse of

discretion. *See Sanborn v. Brooker & Wake Prop. Mgmt., Inc.*, 178 Ariz. 425, 430 (App. 1994) ("who is the successful party for purposes of awarding attorneys' fees is within the sole discretion of the trial court"); *Warner*, 143 Ariz. at 570 (listing factors "to assist the trial judge in determining whether attorney's fees should be granted" under A.R.S. § 12-341.01). This court views the facts in a light most favorable to upholding the superior court's ruling. *Rowland v. Great States Ins. Co.*, 199 Ariz. 577, 587 ¶ 31 (App. 2001) (citing cases).

### A. The Superior Court Did Not Err in Awarding the Shinnicks Attorneys' Fees and Costs.

¶16     Although the Shinnicks sought fees under the purchase contract and A.R.S. § 12-341.01, the purchase contract does not define "prevailing party," thus the court looks to the definition of "successful party" in A.R.S. § 12-341.01(A). *See Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, 368 ¶ 15 (2017) (citing cases). Gipson argues the superior court erred in finding the Shinnicks were the successful parties. The record shows otherwise.

¶17     For the first requirement (a showing of eligibility for fee shifting), Gipson raised two claims against the Shinnicks, and the jury found for the Shinnicks on both of those claims. Moreover, there is no doubt that Gipson's negligent misrepresentation claim against the Shinnicks arose out of the purchase contract. On these facts, the superior court properly found the Shinnicks were the successful parties eligible for fee shifting.

¶18     For the second and third requirements, Gipson argues that the approximately $120,000 in fees awarded to the Shinnicks was excessive. Relying on the non-exclusive factors identified in *Warner*, Gipson argues on appeal that those factors weigh in her favor because: (1) the court denied Shinnicks' motion for summary judgment, meaning her claims had merit; (2) a settlement offer referenced by the Shinnicks was mischaracterized; (3) the fees would create an extreme hardship to her and chill others who are similarly situated and (4) the case was novel because it "required resolution of competing facts and evidence."

¶19     Gipson failed to raise some of these arguments in superior court, meaning they are waived. *See Odom*, 216 Ariz. at 535 ¶ 18. Gipson preserved, however, her arguments that: (1) the settlement offer was mischaracterized and (2) the fees would create a hardship. For these arguments, however, Gipson has shown no error.

¶20      The settlement offer apparently was jointly made by all defendants to pay Gipson $10,000, with the Shinnicks only responsible for $2,000, and apparently was misunderstood by the superior court to be an offer by the Shinnicks alone. That said, the Shinnicks' offer to pay Gipson $2,000 was more than she recovered at trial. And, as directed by *Warner*, that settlement offer meant that "[t]he litigation could have been avoided or settled and the successful party's efforts were completely superfluous in achieving the result." *Warner*, 143 Ariz. at 570. Thus, the settlement offer would appear to favor awarding the Shinnicks significant fees. Moreover, other than stating that she had not been able to rent the property, Gipson made no hardship showing and has shown no error in applying *Warner* when addressing hardship. *Id.* (noting "[a]ssessing fees against the unsuccessful party would cause an extreme hardship" is a "useful" factor in addressing a fee request). The record presented provides a basis upon which the superior court could award significant fees to the Shinnicks. *Id.* at 571.

¶21      Although noting in passing concern about an award of "travel expenses" in the costs awarded to the Shinnicks, Gipson failed to develop the issue in her opening brief, meaning it is waived. *See MacMillan*, 226 Ariz. at 591 ¶ 33 ("Merely mentioning an argument in an appellate opening brief is insufficient."). And her more robust attempt to develop the argument in her reply on appeal comes too late. *See Dawson v. Withycombe*, 216 Ariz. 84, 111 ¶ 91 (App. 2007) ("We will not consider arguments made for the first time in a reply brief."). On this record, Gipson has shown no error in the superior court's award of attorneys' fees and costs to the Shinnicks.

### B.      The Superior Court Erred in Awarding Rental Renovators Attorneys' Fees and Costs.

¶22      Gipson argues the superior court erred in awarding fees and costs to Rental Renovators, arguing that she was the "successful party" entitled to a fee award. That argument implicates the first requirement — the appropriate legal standard — an issue of law this court reviews de novo. *Nolan*, 216 Ariz. at 490 ¶ 34.

¶23      The parties concede the superior court did not state the standard it used in finding Rental Renovators was the successful party. They also agree that there are three possible tests the superior court may have applied: (1) the "net judgment rule," (2) the "totality of the litigation" test or (3) the "percentage of success" test. Although Gipson claims to be the successful party under all three tests, Rental Renovators concedes that it did not seek fees under the "net judgment rule," meaning that "[a]lthough

the trial court did not specify, it must have adopted" either the "totality of the litigation" or the "percentage of success" tests.[2] The question, then, is whether the superior court erred in not applying the "net judgment rule."

**¶24** The "net judgment rule" provides that "a party will be 'successful' if he obtains judgment for an amount in excess of the setoff or counterclaim allowed." *Trollope v. Koerner*, 21 Ariz. App. 43, 47 (1973) (citation omitted). Under the "net judgment rule," "[i]n cases involving various competing claims, counterclaims and setoffs all tried together, the successful party is the net winner." *Ayala v. Olaiz*, 161 Ariz. 129, 131 (App. 1989); *see also Drozda v. McComas*, 181 Ariz. 82, 85 (App. 1994) ("The term 'successful party' means the party who wins the lawsuit.").

**¶25** To date, there have been no comparable definitions or explanations for the "totality of the litigation" or "percentage of success" tests. One unpublished decision, later vacated in part, stated that for the "totality of the litigation" test, "a court determines the prevailing party based on all the circumstances of the case, including the multiple claims made and the parties' relative success on those claims." *Am. Power Prods., Inc. v. CSK Auto, Inc.*, 1 CA-CV 12-0855, 2016 WL 2930686, at *2 ¶ 8 (Ariz. App. May 19, 2016) (mem. decision), *vacated in part*, 242 Ariz. 364 (2017). The "percentage of success" test is mentioned in several cases, but appears to have been actually applied only once. *See Pioneer Roofing Co. v. Mardian Constr. Co.*, 152 Ariz. 455, 460 n.1, 467 (App. 1986) (finding use of "'percentage of success factor' . . . was not an abuse of discretion," noting "the complex and picayune issues resolved by the jury" and "[g]iven the third-party posture of this litigation and its multiple parties and claims"). Other cases, however, have stated that the "totality of the litigation" and "percentage of success" tests may be applied "in a case involving multiple claims and varied success." *Berry v. 352 E. Va., L.L.C.*, 228 Ariz. 9, 13-14 ¶ 22 (App. 2011) (citation omitted); *accord Murphy Farrell Dev., LLLP v. Sourant*,

---

[2] The record suggests that, in awarding fees and costs to Rental Renovators, the superior court had concerns about Gipson's approach to the litigation, noting she "took unreasonable positions throughout the course of litigation;" "refused Rental Renovator's reasonable offers of settlement, which the Court finds unreasonable" and "made a record that infers she and family members may have fabricated evidence." Neither Gipson nor Rental Renovators, however, assert that the court's fee award in favor of Rental Renovators was a sanction, as opposed to an award to a successful party, an approach this court uses on appeal.

229 Ariz. 124, 134 ¶ 36 (App. 2012); *Schwartz v. Farmers Ins. Co. of Ariz.*, 166 Ariz. 33, 38 (App. 1990).

**¶26**        These cases indicate that when, as here, parties have conflicting claims and counterclaims for money damages arising out of the same facts (here the contract between Gipson and Rental Renovators), the "net judgment rule" is the presumptive standard applicable to determine the successful party. Expressly adopting that standard, the finding that Rental Renovators was the successful party cannot stand.

**¶27**        Gipson pressed contract and negligent misrepresentation claims against Rental Renovators, seeking money damages arising out of the repair contract. In response, Rental Renovators brought contract and unjust enrichment counterclaims against Gipson, also seeking money damages and also arising out of the repair contract. The jury found in Gipson's favor on all four claims and, as to damages, awarded her $42,500 for Rental Renovators' breach of contract. Under the "net judgment rule," Gipson is the successful party. *See Ayala*, 161 Ariz. at 131; *accord Ocean West Contractors, Inc. v. Halec Constr. Co., Inc.*, 123 Ariz. 470, 473 (1979) (Noting that, although not always dispositive, the "award of money is, however, an important item to consider when deciding who, in fact, did prevail. The fact that a party did not recover the full measure of relief requested does not mean that he is not the successful party.") (citation omitted).

**¶28**        Rental Renovators counters that the "net judgment rule" is inapplicable because the jury verdict of $42,500 for Gipson was far less than the nearly $180,000 she requested in damages, meaning it was the successful party under both the "totality of the litigation" and "percentage of success" tests. But Rental Renovators misperceives the applicable legal standard.

**¶29**        Rental Renovators claims that, under *Schwartz*, the superior court is "not bound to the net judgment rule in a multi-party, multi-claim case and may use other tests to determine the parties' relative success concerning the various claims." *Schwartz*, however, recognized the primacy of the "net judgment rule," citing *Trollope v. Koerner*, 21 Ariz. App. 43 (1973), for the proposition "that a party is successful when he obtains a judgment in excess of any setoff or counterclaim awarded to the other party." 166 Ariz. at 38. That proposition, as noted above, precisely describes what happened here.

**¶30** True, *Schwartz* found that the "net judgment rule" did not apply when a defendant "successfully defended against" a plaintiff's claim without pressing a counterclaim for money damages. *Id.* (noting "the net judgment rule articulated in *Trollope* is not applicable" when a defendant "did not assert an independent claim and obtain an award"). Such an exception to the "net judgment rule," however, does not describe the competing claims between Gipson and Rental Renovators in this case. And cases applying *Schwartz* make clear that, when the "net judgment rule" applies, the court will not resort to the "percentage of success" or "totality of the litigation" tests. Indeed, only "when a case 'involve[s] multiple claims and varied success' *and the 'net judgment rule' is inapplicable,*" should the superior court look to "a 'percentage of success' factor or a 'totality of the litigation' rubric to determine which party prevailed." *Sourant*, 229 Ariz. at 134 ¶ 36 (emphasis added; citing cases); *accord Vortex Corp. v. Denkewicz*, 235 Ariz. 551, 562 ¶ 40 (App. 2014) (quoting *Sourant*; stating that "[b]ecause each side recovered less than the amounts sought, we conclude the net judgment rule is applicable") (citation omitted).

**¶31** Recognizing the primacy of the "net judgment rule" in cases like this is consistent with both the statute's intent to "mitigate the burden of the expense of litigation to establish a just claim or a just defense." A.R.S. § 12-341.01(B). It is also consistent with prior interpretation of "successful party," which goes beyond the "net judgment rule" only when it cannot easily or readily be applied. *See, e.g.*, *Iverson v. Nava*, 248 Ariz. 443, 450 ¶ 24 (App. 2020) (stating, in forcible entry and detainer (FED) cases, "the summary nature of such cases and that the classic FED remedy is eviction (not an award of damages), it is unsurprising that the net judgment rule would have no application to such cases"); *Pioneer Roofing Co.*, 152 Ariz. at 467 (applying "percentage of success" test given the complex nature of the "third-party posture of this litigation and its multiple parties and claims"); *Watson Constr. Co. v. Amfac Mortg. Corp.*, 124 Ariz. 570, 585 (App. 1979) (deviating from "net judgment rule" when there were monetary and non-monetary equitable claims with varied success); *Nataros v. Fine Arts Gallery of Scottsdale, Inc.*, 126 Ariz. 44, 45, 49 (App. 1980) (applying "totality of the litigation" test when no damages were awarded in case where defendant successfully defended plaintiff's claim but lost on its counterclaims).[3]

---

[3] *Accord Desert Mountain Props. Ltd. P'ship v. Liberty Mut. Fire Ins. Co.*, 225 Ariz. 194, 212–13 ¶¶ 79–85 (App. 2010) (refusing to apply "totality of the litigation" test when plaintiff recovered net judgment against defendant), *aff'd*, 226 Ariz. 419 (2011); *Crowe v. Gierst*, 567 P.3d 759, 761 ¶ 4, 763 ¶ 16

¶32        Here, there is no reason to set aside the "net judgment rule" and resort to the "percentage of success" or "totality of the litigation" tests. Gipson and Rental Renovators brought competing contract and related claims against each other arising out of the same contract and seeking monetary damages. The claims between Gipson and Rental Renovators are easily distinguishable from Gipson's claims against the Shinnicks, again negating the need to look to a standard other than the "net judgment rule." And under the "net judgment rule," Gipson is the "successful party."

¶33        For these reasons, the superior court erred in finding Rental Renovators was the "successful party" under A.R.S. §§ 12-341 and -341.01(A) as to Gipson. Accordingly, the finding that Rental Renovators was the successful party eligible for an award of fees and costs, and the resulting award of fees and costs to Rental Renovators, are vacated and this matter is remanded for the superior court to determine the award of reasonable attorneys' fees and costs to Gipson. In determining the fees to be awarded, the court should take into account the impact of the settlement offer Rental Renovators made to Gipson.

## III.    Prejudgment Interest.

¶34        Gipson argues that the superior court erred in failing to award her prejudgment interest on the $42,500 award. Prejudgment interest is governed by A.R.S. § 44–1201 and "is awarded as a matter of right on a liquidated claim." *John C. Lincoln Hosp. & Health Corp. v. Maricopa Cnty.*, 208 Ariz. 532, 544 ¶ 39 (App. 2004). A claim is liquidated if a party provides a basis for precisely calculating the amount owed. *Id.* A claim can be liquidated in a variety of ways, including a pre-filing demand, a claim in a

---

(App. 2025) (in addressing award of costs in case with "mixed" jury verdicts, stating that "[a]lthough the net winner in a case involving competing claims, counterclaims, and setoffs generally qualifies as successful, the court may instead apply a percentage of success or totality of the litigation test when the litigants achieved varied success on multiple claims.") (citation omitted); *Sirrah Enters., LLC v. Wunderlich*, 240 Ariz. 163, 169 ¶¶ 16–18 (App. 2016) (affirming use of totality of the litigation test when parties had varied success on their respective claims), *vacated on other grounds*, 242 Ariz. 542 (2017); *cf. Lee v. ING Inv. Mgmt., LLC*, 240 Ariz. 158, 161 ¶ 10 (App. 2016) (noting, where partial summary judgment precluded party "from recovering a significant portion of the damages he sought" and an offer of judgment was accepted obviating a jury trial, "[i]n light of the totality of the litigation, there is a reasonable basis for the superior court's" successful party conclusion).

pleading, a jury verdict, a superior court order, a judgment or an appellate court decision or mandate. *See, e.g.*, *Metzler v. BCI Coca–Cola Bottling Co. of Los Angeles, Inc.*, 230 Ariz. 26, 29 ¶ 10 (App. 2012) (entry of judgment after reversal on appeal); *Alta Vista Plaza, Ltd. v. Insulation Specialists Co., Inc.*, 186 Ariz. 81, 83 (App. 1995) (demand or pleading); *Hall v. Schulte*, 172 Ariz. 279, 284–85 (App.1992) (jury verdict); *see also John C. Lincoln Hosp.*, 208 Ariz. at 544 ¶ 39 ("A claim is liquidated if" the party against whom the claim is made is "provide[d] a basis for precisely calculating the amount[] owed.") (citation omitted). Prejudgment interest starts from the date of the demand for, or award of, a liquidated amount. *See, e.g.*, *Scottsdale Ins. Co. v. Cendejas*, 220 Ariz. 281, 289 ¶ 37 (App. 2009); *Alta Vista Plaza*, 186 Ariz. at 83.

**¶35**        The parties' positions on prejudgment interest range from Gipson arguing she was entitled to prejudgment interest on $42,500 from the October 17, 2019 closing on the property, to Rental Renovators arguing Gipson waived the issue and is not entitled to any prejudgment interest. Although rejecting Rental Renovators' waiver argument, at no time before the jury verdict had Gipson demanded payment for $42,500. In rendering that verdict on February 6, 2024, however, the jury in this case liquidated the claim. *See Hall*, 172 Ariz. at 284.

**¶36**        Rental Renovators counters that *Hall* "was wrongly decided and has been overruled by Arizona's Legislature." Rental Renovators argues that, under *Schwartz v. Schwerin*, 85 Ariz. 242 (1959), Rental "interest on unliquidated claims does not accrue until rendition of judgment." *Schwartz*, relied on *Ariz. Eastern R. Co. v. Head*, 26 Ariz. 259, 262 (1924), which declared that "interest is added, after the claim is liquidated." Under *Hall*, *Schwartz* and *Head*, the verdict for $42,500 liquidated Gipson's claim and, by doing so, entitled her to prejudgment interest. *See also Hyatt Regency Phoenix Hotel Co. v. Winston & Strawn*, 184 Ariz. 120, 138 (App. 1995) (concluding jury verdict liquidated claim making it entitled to prejudgment interest). Contrary to Rental Renovators' argument, *Hall* was not "overruled" by the addition of A.R.S. § 44-1201(D)(1) in 2011. That statute prohibits a court from awarding "[p]rejudgment interest for any ***unliquidated*** damages, future damages, punitive damages or exemplar damages that are found by the trier of fact." A.R.S. § 44-1201(D)(1) (emphasis added). Here, the February 6, 2024 jury verdict for $42,500 liquidated Gipson's damages.

¶37 For these reasons, the superior court erred in failing to award Gipson prejudgment interest on the $42,500 jury verdict starting February 6, 2024.

## IV. Attorneys Fees and Costs on Appeal.

### A. Award of Attorneys' Fees and Costs On Appeal.

¶38 All parties request attorneys' fees and costs on appeal under A.R.S. §§ 12 -341 and -341.01(A). The Shinnicks also request attorneys' fees and costs on appeal as the prevailing party under the real estate purchase contract.

¶39 Because Gipson represented herself on appeal, she is not entitled to an award of fees. *See Munger Chadwick, P.L.C. v. Farwest Dev. & Constr. of the Sw., LLC*, 235 Ariz. 125, 126–27 ¶ 5 (App. 2014) (citing cases). Because the Shinnicks are the successful party on appeal against Gipson, the court awards them reasonable attorneys' fees and costs. *See* ARCAP 21.

¶40 Because Rental Renovators is not the successful party on appeal, its request is denied. As the successful party against Rental Renovators, Gipson is awarded her taxable costs on appeal as to Rental Renovators. *See* ARCAP 21.

### B. Amount of Attorneys' Fees and Costs Awarded on Appeal.

¶41 The Shinnicks seek an award of $19,089 in attorneys' fees and $1,029.60 in taxable costs against Gipson. As the Shinnicks concede, a significant portion of those amounts ($5,864 in fees and $701.38 in costs) were incurred in superior court and will not be awarded by this court. That leaves $13,225 in fees and $328.22 in taxable costs sought by the Shinnicks on appeal.

¶42 The Shinnicks' affidavit seeking fees complies with *Schweiger v. China Doll Rest., Inc.*, 138 Ariz. 183 (App. 1983). The affidavit states that 59 hours were spent on the appeal at hourly rates from $475 for the senior partner to $165 for paralegal work. The affidavit states that, based on experience, "fees charged by attorneys in Maricopa County range from $195.00 to well over $500.00 per hour." Detailed billing entries are provided, evidencing the work performed. The corresponding statement of costs details the components of the $328.22 sought in taxable costs.

¶43　　In response, Gipson asserts the fees sought are the product of "exorbitant hourly rates, inefficient case management, and unnecessary, duplicative, and unwarranted charges." Gipson, however, provides nothing to support those objections. Nor do her objections show that the fees sought by the Shinnicks are not reasonable in light of the work performed. *See* Ariz. R. Sup. Ct. 42, ER 1.5(a). Gipson's objections to the costs sought assert that they fall outside of the limited taxable costs allowed under A.R.S. § 12-331. The information provided shows that $172.12 in costs requested by the Shinnicks are related to the appeal and are taxable costs under A.R.S. § 12-331. Based on the foregoing, the court awards the Shinnicks $13,225 in attorneys' fees and $172.12 in taxable costs against Gipson.

¶44　　Gipson seeks $3,540.20 in taxable costs against Rental Renovators, consisting of $458.16 in filing fees with this court and $3,082.04 in transcription costs. Rental Renovators has not objected to that request, and the time to do so has passed. *See* ARCAP 21(b)(4). Accordingly, and because the costs sought fall within the limited taxable costs allowed under A.R.S. § 12-331, the court awards Gipson $3,540.20 in taxable costs against Rental Renovators.

## CONCLUSION

¶45　　The award of Rental Renovators' attorneys' fees and costs against Gipson is vacated. Moreover, Gipson was entitled to prejudgment interest from the date of the jury verdict. Accordingly, this matter is remanded for the superior court to determine the award of reasonable attorneys' fees and costs to Gipson, including a determination on whether Rental Renovators was the "successful party" from the date of its settlement offer to Gipson under A.R.S. § 12-341.01(A). In all other respects, this court affirms the superior court's rulings challenged by Gipson on appeal.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　JR