IN THE

# ARIZONA COURT OF APPEALS

DIVISION TWO

---

STEPHANIE BURKETT, AS TRUSTEE OF THE STEPHANIE RAE BURKETT
REVOCABLE TRUST DATED JANUARY 28, 2011,
*Plaintiff/Appellee*,

*v.*

JOHN AND ANITA DRYJA,
HUSBAND AND WIFE,
*Defendants/Appellants*.

No. 2 CA-CV 2024-0291
Filed April 30, 2025

---

Appeal from the Superior Court in Pima County
No. C20224152
The Honorable Wayne E. Yehling, Judge

**AFFIRMED**

---

COUNSEL

Thompson Krone P.L.C., Tucson
By Evan L. Thompson and Alan R. Hill
*Counsel for Plaintiff/Appellee*

Laird Law PLLC, Tucson
By Brian A. Laird
*Counsel for Defendants/Appellants*

## OPINION

Judge Sklar authored the opinion of the Court, in which Presiding Judge Eckerstrom and Judge Vásquez concurred.

S K L A R, Judge:

¶1        Arizona law generally precludes parties from recovering attorney fees in tort cases.  This case requires us to address whether that same rule applies when a contract prohibits tortious conduct and allows the prevailing party to recover attorney fees.  At issue is John and Anita Dryja's successful defense against Stephanie Burkett's nuisance claim.  Nuisances were prohibited by the declaration of covenants, conditions, and restrictions for their homeowners' association.  The CC&Rs also contained an attorney-fee provision that applied to enforcement actions.

¶2        The Dryjas argue that they prevailed in such an action and are thus entitled to attorney fees.  We disagree.  Because their duty not to create a nuisance arises from tort, Burkett's lawsuit retained its character as a tort claim regardless of the CC&Rs.  It therefore did not fall within the contractual fee provision.  It follows that the Dryjas are not entitled to recover their fees. The trial court reached the same conclusion, so we affirm its judgment.

## BACKGROUND

¶3        Burkett sued her neighbors, the Dryjas, alleging that their air-conditioning unit's noise was creating a nuisance.  She also sued the HOA, alleging that it had failed to enforce the CC&Rs against the Dryjas. In doing so, she cited a CC&R provision that prohibits residents from creating a nuisance.  It reads in part:

> No Owner or Resident shall create or suffer to exist any use or operation on a Lot which is a public or private nuisance, nor shall any music, noise or sound that is objectionable due to intermittent beat, frequency, shrillness or loudness be allowed to emanate from or to exist within or around a Lot.

**¶4** Burkett also sought attorney fees under another section of the CC&Rs. That section provides that if any "proceedings are instituted in connection with the rights of enforcement and remedies provided" in the CC&Rs, the prevailing party "shall be entitled to recover from the losing party or parties any costs and expenses in connection therewith, including reasonable attorneys' fees." The Dryjas likewise sought attorney fees under the same provision.

**¶5** After a bench trial, the trial court found in the Dryjas' favor, concluding that they had not created a nuisance. The Dryjas applied for attorney fees and costs, but the court denied their application except as to taxable costs. It concluded that the action did not arise out of contract.

**¶6** The trial court also ruled in the HOA's favor. It awarded the HOA a portion of its requested attorney fees and costs because Burkett's claim against it arose out of contract. Neither the HOA nor Burkett appealed that award. The only issue on appeal is the denial of the Dryjas' fee application.

**ATTORNEY FEES**

**¶7** In arguing that they were entitled to attorney fees, the Dryjas point to the two provisions of CC&Rs described above. We review the trial court's interpretation of the CC&Rs de novo. *See Am. Power Prods., Inc. v. CSK Auto, Inc.*, 242 Ariz. 364, ¶ 12 (2017). We also review de novo whether the Dryjas' fee request falls within the contractual attorney-fee provision. *See Sirrah Enters., LLC v. Wunderlich*, 242 Ariz. 542, ¶ 7 (2017).

## I. Background on recoverability of attorney fees in tort cases between contracting parties

**¶8** From the Dryjas' perspective, the trial court's denial of their fee request infringes on their freedom of contract. Given that the CC&R provisions appear to authorize a fee award in nuisance claims, their argument merits consideration, as we do not lightly infringe on that freedom. *Zambrano v. M & RC II LLC*, 254 Ariz. 53, ¶ 10 (2022). But the CC&Rs authorize fees only "in connection with the rights of enforcement and remedies provided" in the CC&Rs, not in connection with other claims. We must therefore determine whether the nuisance claim was connected to the CC&Rs, as the Dryjas argue, or was simply a tort claim, as Burkett asserts.

**¶9**          This distinction matters. Under the American Rule, parties must bear their own attorney fees unless a contractual provision or statute provides otherwise. *Cortaro Water Users' Ass'n v. Steiner*, 148 Ariz. 314, 316 (1986); *see also Kaufmann v. Cruikshank*, 222 Ariz. 488, ¶ 7 (App. 2009) (stating that court rules may provide for attorney-fees recovery).

**¶10**          The Dryjas have not cited, nor has our research revealed, any statute or court rule otherwise providing for a fee award to a prevailing party on a nuisance claim. Rather, our statutes and rules provide for attorney-fee recoveries in tort cases only under limited circumstances not applicable here. *See, e.g.*, A.R.S. §§ 12-348.01 (providing fees to prevailing party in suit between governmental entities), 12-349 (providing fees against attorney or party that brings unjustified action, unreasonably expands or delays proceeding, or abuses discovery); Ariz. R. Civ. P. 11(c)(1) (providing for reasonable attorney fees as sanction against party who violates Rule 11); Ariz. R. Civ. P. 37(c)(3) (providing for reasonable attorney fees caused by untimely disclosure).

**¶11**          Thus, under the American Rule, only the CC&Rs—the applicable contract—could authorize a fee award. *See Cortaro Water Users' Ass'n*, 148 Ariz. at 316. And the CC&Rs' "in connection with" language does not authorize fees in tort claims simply because the parties are also bound by the CC&Rs.

**¶12**          Our courts have addressed the distinction between tort and contract in multiple contexts. *See, e.g.*, *Flagstaff Affordable Hous. Ltd. P'ship v. Design All., Inc.*, 223 Ariz. 320, ¶¶ 24-28 (2010) (limiting contracting parties to contractual remedies rather than tort remedies "for purely economic loss from construction defects"); *Salt River Project Agr. Imp. & Power Dist. v. Westinghouse Elec. Corp.*, 143 Ariz. 368, 375-76 (1984) (discussing policy differences between tort and contract law in product-liability context), *abrogated in part by Phelps v. Firebird Raceway, Inc.*, 210 Ariz. 403, n.5 (2005).

**¶13**          Most relevant here are cases concerning one of the statutory exceptions to the American Rule—A.R.S. § 12-341.01. That statute provides courts with discretion to award reasonable attorney fees to a party that has succeeded in a "contested action arising out of a contract" in order to "mitigate the burden of the expense of litigation to establish a just claim or a just defense." § 12-341.01(A), (B).

## II. Distinction between contract and tort claims in Section 12-341.01 context

¶14      In general, Section 12-341.01's "arising out of" language means that attorney fees "may not be awarded in every case that merely involves or relates to a contract," including tort claims involving parties to a contract. *Dooley v. O'Brien*, 226 Ariz. 149, ¶¶ 10-11 (App. 2010). Rather, fees may be awarded only when the tort claim "could not exist but for the breach of the contract." *Sparks v. Republic Nat. Life Ins. Co.*, 132 Ariz. 529, 543 (1982); *see also Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, 198 Ariz. 10, ¶¶ 27, 37 (App. 2000) (explaining that fees are authorized "only when the tort could not exist 'but for' the breach or avoidance of contract").

¶15      This "but for" test focuses on the nature of the duty at issue. *Barmat v. John & Jane Doe Partners A – D*, 155 Ariz. 519, 523 (1987). Fees are recoverable under the statute where the contract created the duty, even if the law treats a breach of that duty as a tort. *See id.*; *Sparks*, 132 Ariz. at 543-44. By contrast, no fees are authorized where the duty is "implied by law based on the relationship of the parties," even if those parties also have a contract. *Ramsey Air Meds, L.L.C.*, 198 Ariz. 10, ¶ 27; *see also Wunderlich*, 242 Ariz. 542, ¶ 1 (concluding that implied warranty of habitability is contractual in nature, so prevailing party can recover attorney fees under contractual fee provision or Section 12-341.01). Implied-in-law duties are tort duties where they are based on the relationship of the parties. *Ramsey Air Meds, L.L.C.*, 198 Ariz. 10, ¶ 27.

¶16      The facts of the cases illustrate the test's application. On the one hand, as our supreme court concluded in *Sparks v. Republic National Life Insurance Co.*, insurance bad-faith claims can arise out of a contract and entitle a prevailing party to fees. 132 Ariz. at 544. The court explained that the tort of bad faith is "intrinsically related to the contract" and the duty at issue would not exist but for the promises between the parties. *Id.*; *see also Barmat*, 155 Ariz. at 522 (elaborating on *Sparks* reasoning). The same is true in the implied-warranty context. *Wunderlich*, 242 Ariz. 542, ¶ 1.

¶17      On the other hand, our supreme court concluded in *Barmat v. John and Jane Doe Partners A – D* that the duty of care owed by lawyers is a tort duty rather than a contract duty. 155 Ariz. at 521-23. That duty exists as a matter of law, regardless of the contract's terms and even if the parties never entered into a contract. *Id.* at 523. Consequently, actions to recover for a breach of that duty do not arise under contract. *Id.*

¶18 Similarly, in *Ramsey Air Meds, L.L.C. v. Cutter Aviation, Inc.*, this court concluded that a successful negligence claim raised concurrently with an unsuccessful breach-of-contract claim did not arise out of contract. 198 Ariz. 10, ¶¶ 1, 27. The court reasoned that the negligence claim implicated a legal duty independent of the contract and the contract imposed no additional relevant duty. *Id.* ¶¶ 26-28. Thus, the plaintiff's negligence claim did not warrant fees because the defendant's duty of care existed regardless of any contractual provision. *Id.* ¶ 37.

**III. Whether the "but-for" test applies given the contractual language at issue**

¶19 Because of the contractual fee provision in the CC&Rs, the Dryjas' fee request does not directly implicate Section 12-341.01. *Wunderlich*, 242 Ariz. 542, ¶ 23 (explaining that contractual-fee provisions are mandatory, but Section 12-341.01-fee awards are discretionary). But we nevertheless find the cases interpreting that statute instructive in addressing whether the CC&Rs' attorney-fee provision applies to the nuisance claim at issue. We do so because we read contracts as incorporating common-law principles, such as the distinction between contract and tort. *See Am. Power Prods., Inc.*, 242 Ariz. 364, ¶ 15; *see also Qwest Corp. v. City of Chandler*, 222 Ariz. 474, ¶ 34 (App. 2009) (explaining that "all contracts incorporate applicable statutes and common-law principles").

¶20 Still, this case involves two important distinctions from the cases involving Section 12-341.01. First, that statute applies to cases "arising out of a contract," while the CC&Rs authorize attorney fees for cases brought "in connection with" an action to enforce the CC&Rs' requirements. A connection is "commonly defined as a link, an association or a relationship." *Cal. Cas. Ins. Co. v. Am. Fam. Mut. Ins. Co.*, 208 Ariz. 416, ¶ 8 (App. 2004). Arguably, therefore, "in connection with" is broader than "arising out of." But whatever distinction may exist between those phrases, it is not relevant here. If the nuisance claim is a tort claim, it is linked, associated, and related to the parties' underlying duties to each other, not to enforcement of the CC&Rs.

¶21 To conclude otherwise would allow CC&Rs to apply contract remedies such as attorney fees to tort claims simply by using "in connection with" language. The Dryjas have identified no Arizona authority that would allow them to do so. And given that individual homeowners are rarely involved in drafting CC&Rs, which are drafted by declarants to develop a planned community, we are reluctant to conclude that such a

reordering of their rights occurred through such indirect language.  *See* A.R.S. § 33-1802(4) (defining "Declaration" as "instruments, however denominated, that establish a planned community").  Thus, without resolving whether it is theoretically possible for parties to agree that contract remedies are available in tort claims, we reject the Dryjas' suggestion that this language accomplished that outcome.

**¶22**　　　　The second distinction between this case and those involving Section 12-341.01 is that this case involves a contractual prohibition on the tortious conduct at issue—creating nuisances.  But this is a distinction without a difference.  The contractual prohibition simply mirrors the parties' tort duties.  And parties may not contract to create duties that already exist as a matter of law.  *See Travelers Ins. Co. v. Breese*, 138 Ariz. 508, 511 (App. 1983) (invalidating agreement for lack of consideration when party had preexisting duty to perform).  Thus, neither of the distinctions between this case and those that apply Section 12-341.01 compel us to apply anything other than the "but-for" test.

## IV. Application of the "but-for" test

**¶23**　　　　Applying that test is straightforward.  Like the plaintiffs in *Barmat* and *Ramsey*, Burkett sued to enforce a preexisting legal duty—here, the duty not to create a nuisance—that the Dryjas owed her regardless of the CC&Rs, simply because of their relationship to each other.  *See Nolan v. Starlight Pines Homeowners Ass'n*, 216 Ariz. 482, ¶ 32 (App. 2007) (explaining that plaintiff must prove defendant "unreasonably interfered" with plaintiff's "use and enjoyment" of property, "causing significant harm," to prevail on nuisance-tort claim).

**¶24**　　　　Although the Dryjas point in their reply brief to the CC&Rs' additional language concerning "objectionable" music, noises, and sounds, they do not explain how this language does anything other than describe the preexisting duty in more detail.  *See id.*; *City of Phoenix v. Harlan*, 75 Ariz. 290, 295-96 (1953) (upholding jury instruction that noise is nuisance if it affects ordinary person "injuriously and to an unreasonable degree" and "exceeds the bounds of reasonable adjustment" to local sounds); Restatement (Second) of Torts § 821D cmt. e (1979) (describing dog howling that keeps person awake at night as nuisance).

**¶25**　　　　Thus, the objectionable noise described by the CC&Rs would also be a nuisance under tort law.  It follows that Burkett's claim could not properly be understood as seeking to enforce the CC&Rs.  She instead

sought to enforce the Dryjas' underlying tort duties. Because those duties did not exist "but for" the CC&Rs, the Dryjas are not entitled to fees.

¶26 Finally, we reject the Dryjas' argument that prohibiting a fee award violates language in Section 12-341.01(A) that prohibits us from construing that statute as "altering, prohibiting or restricting" contractual fee provisions. Because Burkett's lawsuit sought to enforce tort duties, which were outside the contractual fee provision, that statutory language is not implicated. For the same reasons, we reject the Dryjas' argument that they are entitled to nontaxable costs.

## DISPOSITION

¶27 We affirm the trial court's ruling denying the Dryjas' attorney-fees request. As the prevailing party, we award Burkett her taxable costs on appeal under A.R.S. § 12-342(A) upon compliance with Arizona Rule of Civil Appellate Procedure 21(b).